Robert HAWKINS, Appellant,

v.

John E. BENNETT, Warden, Iowa State Penitentiary, Appellee.

No. 19719.

United States Court of Appeals, Eighth Circuit.

March 19, 1970.

Appellant pled guilty to a charge of first degree murder in the District Court for Johnson County, Iowa, on May 17, 1926, and was sentenced to life imprisonment in the Iowa State Penitentiary. No appeal was taken from that judgment.

In July of 1966, some 40 years after his conviction, appellant filed a pro se petition for a writ of habeas corpus in the District Court of Lee County, Iowa. After a brief evidentiary hearing on December 30, 1966, that court denied appellant relief. The denial was affirmed by the Iowa Supreme Court. Hawkins v. Bennett, Iowa, 160 N.W.2d 487 (1968).

On September 11, 1968, appellant instituted this action. He alleged four grounds for relief: (1) that his guilty plea was coerced by threat of the death penalty; (2) that he was denied the effective assistance of counsel; (3) that Negroes were systematically excluded from the grand jury panel which indicted him, and (4) that there was no hearing in the convicting court to determine the degree of guilt. On December 27, 1968, the district court issued an order holding the petition in abeyance until appellant had had an opportunity to exhaust his state remedies. This order was premised on the district judge's belief that appellant had not properly raised in the state court the question of whether Negroes had been excluded from the grand jury panel. However, after reviewing a document filed by appellant in response to the order, the district judge reconsidered and found that the grand jury issue had been disposed of by the state court.[1] He further concluded that it was unnecessary to hold an evidentiary hearing on the issues raised by appellant and denied the petition.[2]

Edgar H. Bittle, of Herrick, Langdon, Belin & Harris, Des Moines, Iowa, for appellant.

Michael J. Laughlin, Asst. Atty. Gen. of Iowa, Des Moines, Iowa, for appellee; Richard C. Turner, Atty. Gen. of Iowa, Richard C. Turner, Atty. Gen., and William A. Claerhout, Asst. Atty. Gen., on the other brief.

Before MATTHES, GIBSON and LAY, Circuit Judges.

MATTHES, Circuit Judge.

This is an appeal from an order of the United States District Court for the Southern District of Iowa denying, without an evidentiary hearing, appellant's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

1. Judge Stephenson, the Federal district judge, initially found that appellant had not raised the issue until his appeal to the state supreme court. Since that court did not mention the issue in its opinion, Judge Stephenson concluded that it had not been resolved. On reconsideration, he discovered that appellant had, in his confused petition, raised the grand jury question. He explained the failure of the Iowa Supreme Court to mention the issue in its opinion by the probable failure of appellant to present any facts in support of his contention.

2. Appellant's application for a certificate of probable cause was similarly denied. We granted the certificate on April 21, 1969, and appointed counsel to represent appellant on June 5, 1969.

Appellant vigorously urges that the district court erred in refusing to hold a plenary evidentiary hearing on the issues raised in appellant's petition. We agree.

■ Where a state prisoner petitions a Federal district court for a writ of habeas corpus, the duty of the court to hold an evidentiary hearing on the allegations contained therein is defined by Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963).

"We hold that a federal court must grant an evidentiary hearing to a habeas applicant under the following circumstances: If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing."

The Townsend criteria have been incorporated in and expanded by 28 U.S.C. § 2254(d) (Supp. II, 1965–66), amending 28 U.S.C. § 2254 (1964). We believe that the hearing held by the state habeas court was deficient when measured by these standards.

Appellant is a man of limited education, and was without benefit of counsel during the state habeas proceedings. The documents filed in support of his claims were confused and exceedingly difficult to understand. Indeed, the inability of appellant to articulate his complaints to this court prompted us to appoint counsel to assist him on this appeal. It is apparent, on review of the transcript of the state hearing, that appellant had no understanding of the means by which a case is proved. He apparently believed that the statements contained in his petition and abstract constituted sufficient evidence in support of his allegations. Consequently he was unprepared to offer evidence at the hearing. He took the stand on his own behalf only at the urging of the judge. As a witness he failed to develop through his testimony the facts that he had alleged in his petition. Although the state judge made some effort to direct his testimony to the issues raised, appellant failed to mention the circumstances surrounding his guilty plea or his contention that Negroes had been excluded from the grand jury panel. No other testimony was offered at the hearing.

Because of the great time lapse, the transcript of the proceedings at which appellant pled guilty and was sentenced was unavailable. The state did offer the deposition of Edward L. O'Connor, the county attorney who prosecuted appellant, which was taken over the objection of appellant. The deposition was detrimental to appellant's asserted grounds for relief and without doubt had a substantial impact on the Iowa habeas court. The record demonstrates that appellant disagreed with vital parts of O'Connor's testimony. However, appellant, being without counsel and ignorant of legal procedures, made no effort to cross-examine O'Connor. And, since the deposition was taken out of court, appellant was afforded no other protection.

In addition, we deem it significant that one of the lawyers who allegedly represented appellant at the original proceedings was alive and available at the time of the state hearing, but was not called by either appellant or appellee.[3] Because of the nature of appellant's claims, the attorney's testimony un-

---

3. There is also evidence that at the time appellant filed his petition in the state court the other attorney who appeared as record counsel at the conviction proceedings was alive, although in ill health. Appellant, obviously because of his inexperience, made no effort to preserve the attorney's testimony.

doubtedly would have been of great import in the development of the material facts.

During the course of state post-conviction proceedings, appellant was unsuccessful in his repeated requests for appointment of counsel, and his efforts to retain counsel were also unsuccessful. It was not until the case reached this court that appellant had the benefit of an attorney. It is apparent to us that if appellant had been afforded this protection the deficiencies of the state hearing would have been in large part cured. The Federal district judge was apparently of a similar view when, in his order holding the petition in abeyance pending appellant's exhaustion of his state remedies, he observed, "In view of the constitutional issue presented by the petitioner's allegations, serious consideration should be given to the appointment of counsel to represent him in any hearing which may be held."

We are fully cognizant of the general rule that the Sixth Amendment right to counsel does not extend to persons seeking habeas corpus relief. Roach v. Bennett, 392 F.2d 743 (8th Cir. 1968); Noble v. Sigler, 351 F.2d 673 (8th Cir. 1965), cert. denied, 385 U.S. 853, 87 S.Ct. 98, 17 L.Ed.2d 81 (1966). We are, however, also aware that in certain circumstances the absence of counsel at the habeas corpus proceedings may infect the fairness of the hearing afforded the petitioner. Roach v. Bennett, supra. Cf. Harris v. Wainwright, 399 F.2d 142 (5th Cir.

1968); Hampton v. Oklahoma, 368 F.2d 9 (10th Cir. 1966); Anderson v. Heinze, 258 F.2d 479 (9th Cir.), cert. denied, 358 U.S. 889, 79 S.Ct. 131, 3 L.Ed.2d 116 (1958). And, as Judge Lay pointed out in Roach, "[A]nything less than a meaningful presentation of the petitioner's claims is the equivalent of no hearing at all." 392 F.2d at 748.

In summary, we believe that appellant was not afforded a "full and fair" hearing within the meaning of Townsend v. Sain, supra, before the Iowa habeas court, and the Federal district court erred in refusing to hold an evidentiary hearing. Accordingly we vacate the order of the district court and remand to that court with directions to hold a hearing of appropriate scope at which appellant is represented by counsel.

We wish to add (although it should be obvious) that nothing stated herein is intended to indicate an opinion on the merits of appellant's claims. On remand, appellant will, of course, have the burden of proving his allegations. We also recognize that the passage of time between appellant's conviction and his request for relief renders the gathering of evidence difficult. We do not condone the long delay. However, if appellant's constitutional rights were violated in 1926, the passage of 44 years does not serve to cure the wrong.[4] And he, just as the man recently convicted, must be afforded a meaningful opportunity to prove his claims.

4. Although not discussed by the parties, we note in passing that each of the contentions raised by appellant was constitutionally protected at the time of his conviction. See Ex parte Virginia, 100 U.S. 339, 25 L.Ed. 676 (1879) (grand jury); Farrant v. Bennett, 347 F.2d 390 (8th Cir.), cert. denied, 382 U.S. 868, 86 S.Ct. 143, 15 L.Ed.2d 107 (1965) (hearing on degree of murder); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Doughty v. Maxwell, 376 U.S. 202, 84 S.Ct. 702, 11 L.Ed.2d 650 (1964) (right to counsel); Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927); Lattin v. Cox, 355 F.2d 397 (10th Cir. 1966) (coerced guilty plea).