**Melvin MELLER, Appellant,**

v.

**STATE OF MISSOURI, Appellee.**

**No. 20126.**

United States Court of Appeals,
Eighth Circuit.

Aug. 17, 1970.

---

Melvin Meller, pro se.

John C. Danforth, Atty. Gen., Jefferson City, Mo., and Dale L. Rollings, Asst. Atty. Gen., for appellee.

Before VAN OOSTERHOUT, MEHAFFY and BRIGHT, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by Melvin Meller, hereinafter . for convenience called defendant, from order denying his petition for habeas corpus relief. Defendant was convicted in the state court on his plea of guilty to an information charging burglary and larceny. He was sentenced to four-years imprisonment on April 22, 1952. His sentence was commuted and thereby service thereof was completed on March 3, 1955. He took no appeal from his state conviction. Defendant was subsequently convicted in the state court of steer stealing (see State v. Meller, Mo., 382 S.W.2d 671) and dynamiting (see State v. Meller, Mo., 387 S.W.2d 515). He states that longer sentences were imposed in each of such cases under the Missouri Second

Offender Act, § 556.280 V.A.M.S., because of his 1952 conviction in the case now before us. Defendant is presently serving an eight-year sentence imposed in the steer stealing case.[1]

Defendant filed the habeas corpus petition here involved in the United States District Court for the Western District of Missouri on April 4, 1969. He asserts his 1952 state conviction was obtained in violation of his federal constitutional rights in that his plea of guilty was not voluntary and that he did not knowingly and intelligently waive his right to assistance of counsel. Defendant was not represented by counsel at the time of his guilty plea and sentence. He contends that his right to counsel was not explained to him. He further urges that he was not informed of his right not to incriminate himself and his right to be confronted with witnesses against him and that he was not adequately informed of the charges against him.

The court issued order to show cause to which a response was filed by the State. The record of the state postconviction proceedings under Missouri Rule 27.26, V.A.M.R., including the pleadings, exhibits, transcript of testimony at an evidentiary hearing, the findings of fact, the order of dismissal, the record and brief filed upon appeal and the affirming opinion of the Supreme Court of Missouri, which is reported at Meller v. State, 438 S.W.2d 187, was made a part of the record. It appears that the contentions made in the state court postconviction proceedings are in substance the same as the issues now raised. The trial court properly determined defendant had exhausted his state remedies and that it had jurisdiction to consider the petition.

Chief Judge Becker, who heard this case, denied the petition setting forth his reasons therefor in a well-considered

opinion filed December 9, 1969, 309 F. Supp. 519. This appeal is from such order.

As a basis for reversal, defendant urges, "The district court below erred in its finding that appellant voluntarily and intelligently entered the plea of guilty with full understanding of the charge and that he knowingly and understandingly waived his right to the assistance of counsel."

The record reflects that defendant was represented by counsel in his state postconviction proceeding, both in the trial court and upon appeal, and that he was afforded a full and fair evidentiary hearing. Judge Becker in his memorandum opinion states: "In the proceedings in the state courts, the state trial court made specific findings of fact and applied current federal standards in denying all the contentions of the petitioner. These findings of fact were reliably made in accordance with current federal standards. Townsend v. Sain, [372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770]. * * Under the findings so made by the state trial court, and independently made by this Court, it is readily apparent that petitioner's contentions are without merit."

Included in the state trial court's findings are the following:

"The 'Judge's Docket' does not show offer and waiver of counsel, the Clerk's record does show that Movant was fully informed of his rights and 'waived such right to counsel', (Exhibit #3) and both records show presentence investigation ordered."

"After an exhaustive search the Cole County Court Reporter has been unable to locate his stenographic notes of March 22, 1952."

"Judge Sam C. Blair (the sentencing judge) instructed the court reporter early in the latter's tenure 'to take down everything' and it was the

1. The issue of mootness was raised in the trial court and properly rejected. See Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554. Such issue is not raised upon this appeal.

'invariable practice' of Judge Blair to inform criminal defendants of their constitutional rights."

"Applying those criteria so often stated in the approved conventional instructions given juries on credibility of witnesses, the Court disbelieves and rejects Movant's testimony that in 1952 the Missouri State Highway Patrol and the Prosecuting Attorney made any promises or inducements to procure his plea of guilty, and that he then was not an illiterate, ignorant farm boy incapable of understanding his situation, and the nature of the charge and the consequences of his plea and that Judge Sam C. Blair did not offer him counsel. \* \* \* "

"The Court finds that Movant knew he was guilty in 1952 and believed the State could convict him before a jury, (see especially testimony re: hauling goods in 'little Ford' and who was with him 'when it happened'), and Movant was offered counsel by Judge Sam C. Blair and refused same voluntarily, knowingly and intelligently. See paragraphs 2, 3 and 10 and take judicial notice of the duty imposed on a trial judge in Missouri to appoint counsel for an indigent felony defendant desiring counsel, V.A.M.S. Section 545.820, R. 29.01, which has certainly existed for more than one hundred years, and probably since R.S. 1825, P. 319."

We do not believe it necessary nor desirable to discuss in detail the evidence supporting such findings and other findings made by the trial court. The Missouri Supreme Court and Judge Becker determined the findings to be reliable and denied relief. Considerable discussion of the evidence appears in their opinions. We have examined with care the entire record and agree that the fact findings are reliable and supported by substantial evidence and that such findings support the determination that the right to counsel was adequately explained to defendant, that he intelligently waived his right to counsel and that

he voluntarily and intelligently entered his guilty plea.

Additionally, defendant urges that the teaching of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, compels a reversal. The Court in *Boykin* states:

"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653. Second, is the right to trial by jury. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. Third, is the right to confront one's accusers. Pointer v. Texas, 380 U.S. 400, 85 S. Ct. 1065, 13 L.Ed.2d 923. We cannot presume a waiver of these three important federal rights from a silent record." 395 U.S. 238, 243, 89 S.Ct. 1709, 1712.

Defendant contends here, as in *Boykin*, that the record made prior to the acceptance of the guilty plea is silent with respect to voluntariness of the plea and the intelligent waiver of counsel. In *Boykin*, a direct review of the judgment affirming the conviction was involved and there was actually nothing in the record before the Court on the voluntariness issue. *Boykin* cites and relies upon Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70, from which the following quotation is set out:

"Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."

In our present case, the record is not silent. The county clerk's minutes, the judge's docket, and the testimony of wit-

nesses would indicate defendant's constitutional rights were explained to him prior to the entry of the plea. Additionally, there is evidence of the court reporter that Judge Blair, who accepted the guilty plea, always explained constitutional rights to a defendant and required the reporter to fully report the proceedings, and the additional testimony that the reporter, despite a diligent search, was unable to find his notes which he had taken some fifteen years earlier.

In Norvell v. Illinois, 373 U.S. 420, 83 S.Ct. 1366, 10 L.Ed.2d 456, the State was unable to comply with defendant's request for a transcript of his trial by reason of the death of the court reporter and the inability of others to read his notes. The Supreme Court affirmed the denial of a new trial in the habeas corpus proceeding, stating: "When, through no fault of the State, transcripts of criminal trials are no longer available because of the death of the court reporter, some practical accommodation must be made." 373 U.S. 420, 424, 83 S.Ct. 1366, 1368.

We believe the loss of the reporter's notes presents a similar situation and that it is not unreasonable to permit the State to reconstruct the record.

In any event, *Boykin* was decided in 1969. Defendant was convicted in 1952. The Supreme Court has not passed upon the question of whether *Boykin* is to be retroactively applied. We do not believe that *Boykin* should be applied retroactively. In McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, the Court held that the failure of a federal court to comply with the requirements of Rule 11, Fed.R.Crim.P., with respect to inquiry for determining voluntariness of a guilty plea required a reversal and a new trial. The Court in Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16, refused to give retroactive effect to *McCarthy*. Upon the basis of the reasoning in *Halliday*, *Boykin* which deals with inquiries required of a state court prior to accepting a plea of guilty should not be applied retroactively. See United States ex rel. Hughes v. Rundle, 3 Cir., 419 F.2d 116.

The judgment denying the writ of habeas corpus is affirmed.