**Bradford Robert HULL, Appellant,**

**v.**

**Harold R. SWENSON, Warden, Appellee.**

**No. 20211.**

United States Court of Appeals, Eighth Circuit.

Sept. 28, 1970.

Bradford Robert Hull, pro se, appellant.

John C. Danforth, Atty. Gen., and Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., filed brief for appellee.

Before MEHAFFY, GIBSON and BRIGHT, Circuit Judges.

PER CURIAM.

Bradford Robert Hull, convicted of forcible rape and sentenced to serve fifty-years imprisonment, petitioned for federal habeas corpus relief. The district court denied his pro se petition, and he appeals from that denial. He alleges that the district court erred in refusing to appoint counsel to assist him in his post-conviction remedy and that his conviction rested, in part, upon an involuntary confession. We reject both claims.

█ The district court is empowered, within its discretion, to appoint counsel to assist a prisoner in presenting a habeas corpus petition. Failure to appoint one violates no constitutional right. Hawkins v. Bennett, 423 F.2d 948, 951 (8th Cir. 1970); Roach v. Bennett, 392 F.2d 743, 747 (8th Cir. 1968); Noble v. Sigler, 351 F.2d 673, 678 (8th Cir. 1965), cert. denied, 385 U.S. 853, 87 S.Ct. 98, 17 L.Ed.2d 81 (1966). In reviewing the record, we find no abuse of discretion by the district court in considering Hull's petition on a pro se basis.

█ In attacking the validity of his confession, petitioner contends that he was the victim of implied coercion since white police questioned the accused, an eighteen-year-old black, extensively in what petitioner refers to as a "white police-dominated atmosphere."

The Missouri courts granted petitioner two separate court hearings to determine the voluntariness of the confession. First, the trial court held an interlocutory hearing outside the presence of the jury and, thereafter, ruled the confession admissible. On appeal, the Missouri Supreme Court ordered the trial court to conduct another hearing because the trial judge did not find "with unmistakeable clarity" that the confession was voluntary as required by the teachings of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). On remand, the trial court conducted a supplementary hearing and specifically found the confession to be voluntary. After review of the record made at this special hearing, the Missouri Supreme Court determined that the evidence sustained the state trial court's finding of voluntariness. The court's opinion, reported as State v. Taggert, 443 S.W.2d 168 (Mo.1969), noted that Hull confessed after being advised on several occasions of his constitutional right to remain silent and to be assisted by counsel.

The federal district court (Judge Collinson) reviewed the record made in the Missouri courts and concluded:

* * * [T]he Supreme Court of Missouri clearly applied proper federal standards and the admission of the petitioner's confession did not violate * * * [petitioner's] federal constitutional rights or his right to have counsel present at the time he made the confession.

We agree.

Affirmed.