Delbert R. CROSSWHITE, Appellant,

v.

Harold R. SWENSON, Warden of the
Missouri State Penitentiary,
Appellee.

No. 20634.

United States Court of Appeals,
Eighth Circuit.

June 30, 1971.

Rehearing and Rehearing En Banc
Denied Aug. 2, 1971.

Stephan Gottlieb, St. Louis, Mo., for appellant.

Kenneth M. Romines, Asst. Atty. Gen., John C. Danforth, Atty. Gen., Jefferson City, Mo., for appellee.

Before MATTHES, Chief Judge, GIBSON, Circuit Judge, and HENLEY, District Judge.*

HENLEY, Chief District Judge.

This is an appeal from an order of the United States District Court for the Eastern District of Missouri (Chief Judge Meredith) dismissing without an evidentiary hearing a petition for a writ of habeas corpus filed on behalf of appellant, Delbert R. Crosswhite, an inmate of the Missouri State Penitentiary.[1]

In 1937 appellant was charged with first degree murder in the Circuit Court of Mississippi County, Missouri. He was represented by two court appointed attorneys; he entered a plea of guilty

---

* Chief Judge, United States District Court, Eastern District of Arkansas, sitting by designation.

1. The petition was filed originally in the Western District of Missouri, but was transferred to the Eastern District by Judge Oliver.

and was sentenced to imprisonment for life.[2]

In 1966 appellant filed pro se in the sentencing court a petition for post conviction relief as provided by Missouri Supreme Court Rule 27.26. Counsel was appointed to represent appellant, and an evidentiary hearing was held. Appellant had alleged that in the course of the original proceedings against him, which had taken place some twenty-nine years before, he had been denied the effective assistance of counsel, that his plea of guilty had been coerced by threats and promises made and held out by the jailer, and that his plea was not voluntarily and understandingly entered. In evaluating those claims the Circuit Court was doubtless handicapped by the fact that the sentencing Judge and one of the two attorneys who represented appellant in 1937 were dead; the other attorney was still alive and testified, but at the time of the hearing he was eighty-three years of age and in poor health. The Circuit Court heard the testimony of appellant and his brother together with that of the two individuals who in 1937 were, respectively, the Prosecuting Attorney and the Sheriff of Mississippi County.

The Circuit Court found that the claims of appellant were without merit and dismissed his petition. The Supreme Court of Missouri affirmed. Crosswhite v. State, 426 S.W.2d 67 (Mo.1968). The opinion of the Supreme Court contains a full discussion of the facts upon which appellant's post-conviction contentions were based and of the evidence that was heard by the Circuit Court in connection with appellant's Rule 27.26 petition. We find it unnecessary to restate the facts or to abstract the evidence.

Appellant next filed in the Circuit Court a second petition under Rule 27.26 complaining of alleged errors in the conduct of the hearing on the 1966 petition

and that the testimony of his brother taken at the first hearing had been incorrectly reported and transcribed. The Circuit Court denied the second petition, and again the Supreme Court of Missouri affirmed. Crosswhite v. State, 438 S.W. 2d 11 (Mo., 1969).

Having exhausted his State court remedies as required by 28 U.S.C.A. § 2254, appellant commenced this federal court action. As noted, the petition was filed originally in the Western District of Missouri but was transferred to the Eastern District evidently for the purpose of facilitating an evidentiary hearing. Chief Judge Meredith, however, after giving full consideration to the record made up in the Missouri courts in connection with appellant's Rule 27.26 proceedings determined that no useful purpose would be served by an evidentiary hearing in the federal court, and, as stated, dismissed the petition without hearing. In connection with his ruling Judge Meredith filed but did not publish an opinion dealing with the constitutional questions raised by appellant.

On the basis of the record made in the Circuit Court, considered in connection with the original opinion of the Missouri Supreme Court, Judge Meredith found that appellant had not sustained his burden of proving that his plea of guilty was coerced by the jailer or that he had been denied or failed to have the effective assistance of counsel. The District Court also found that appellant knew when he pleaded guilty that he was charged with a capital crime, and that his plea was voluntarily entered. In concluding its opinion the District Court said:

"In light of the hearing already conducted and the thorough opinion of the Supreme Court of Missouri in affirming the findings therein, it is the opinion of this Court that a further hearing on these grounds will serve no use-

---

2. The trial judge had only two sentencing options; he could have sentenced appellant to life imprisonment, as was done, or a sentence of death might have been imposed. In the course of the argument the question was raised as to why appellant after the lapse of so many years has not been released on parole or otherwise; we were told by counsel that appellant's conduct record while in prison has been bad, and that he is something of an escape artist.

ful purpose. For the reasons set out above, the petition will be dismissed."

For reversal appellant contends that the record made in the State court established that the 1937 proceedings against him were tainted with denials of procedural due process of law in the areas that have been mentioned, or that at least a sufficient showing was made to require the federal court to hold an evidentiary hearing of its own. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, 28 U.S.C.A., § 2254(d).

Assuming for the moment that the District Court was not required to hold an evidentiary hearing and was free to decide the issues raised by the petition by reference to the proceedings in the State courts, we are in full agreement with the District Court that appellant failed to make a case for post conviction relief in the course of his proceedings under Rule 27.26.

On the basis of the record made in the Circuit Court we think that both the Missouri courts and the District Court were justified in concluding that appellant had failed to prove by a preponderance of credible evidence that his plea of guilty was the result of any threats or promises or that the representation afforded him by his original attorneys was so far below par as to amount to a lack of effective assistance of counsel. And we also think that the State court record justified the findings of the State courts and of the District Court to the effect that appellant when he pleaded guilty understood the charge against him and the possible consequences of a plea of guilty or a conviction following a trial, and that appellant's plea of guilty was voluntary.

■ As to the voluntary nature of the plea, it is fair to say that the sentencing Judge in 1937 probably did not probe as far into the questions of the voluntariness of the plea and the existence of a factual basis for it as his successor would be required to go today under the holding of the Supreme Court in Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L.Ed.2d 274, but that case is not to be given retroactive applica-

tion. Meller v. Missouri, 8 Cir., 431 F. 2d 120 (1970).

■ Turning now to the question of whether the District Court was required to hold an evidentiary hearing, we recognize at the outset that a federal district court entertaining a petition for a writ of habeas corpus tendered by a State prisoner and alleging that he has been deprived of due process of law in the course of the State proceedings resulting in his confinement is not bound by State court adjudications on the federal questions raised by the petition. The federal court is required to decide those questions by the exercise of its own independent judgment. It is not required to accept factual findings made by the State courts, nor is it limited in its consideration to the evidence that was produced in the State courts either in the course of petitioner's original trial or in the course of post conviction proceedings authorized by State law. Townsend v. Sain, supra; Frazier v. Roberts, 8 Cir., 441 F.2d 1224 (1971).

In Harris v. Nelson, 394 U.S. 286, 291, 89 S.Ct. 1082, 1086, 22 L.Ed.2d 281 (1968), the Supreme Court said:

"It is now established beyond the reach of reasonable dispute that the federal courts not only may grant evidentiary hearings to applicants, but must do so upon an appropriate showing. * * *"

■ Where the facts in a habeas corpus case are disputed, the federal habeas corpus court must try them anew "in every case in which the state court has not after a full hearing reliably found the relevant facts." Townsend v. Sain, supra, 372 U.S. at 318, 83 S.Ct. at 759. In other cases the holding of an evidentiary hearing is discretionary. Ibid. If the district judge "concludes that the habeas applicant was afforded a full and fair hearing by the state court resulting in reliable findings, he may, and ordinarily should, accept the facts as found in the hearing. But he need not. In every case he has the power, constrained only by his sound discretion, to receive evidence bearing upon the applicant's constitutional claim." Ibid.

In Hawkins v. Bennett, 8 Cir., 423 F.2d 948 (1970), this Court said (p. 950):

"Where a state prisoner petitions a Federal district court for a writ of habeas corpus, the duty of the court to hold an evidentiary hearing on the allegations contained therein is defined by Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed. 2d 770 * * *.

" 'We hold that a federal court must grant an evidentiary hearing to a habeas applicant under the following circumstances: If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.'

"The Townsend criteria have been incorporated and expanded by 28 U.S. C., § 2254(d) (Supp. II, 1965–66), amending 28 U.S.C., § 2254 (1964). * * * "

In *Hawkins* we held that the State hearing there involved was deficient when measured by *Townsend* standards, but in other cases we have held that denials of evidentiary hearings in habeas corpus cases were proper where the State hearings measured up to the *Townsend* requirements. Parrott v. Brewer, 8 Cir., 421 F.2d 1386 (1970); Howard v. Swenson, 8 Cir., 404 F.2d 469 (1968); Copenhaver v. Bennett, 8 Cir., 355 F.2d 417 (1966); Harris v. Tahash, 8 Cir., 353 F.2d 119 (1965).

When this case came to Judge Meredith on transfer, it was within his competency to examine the State court record and the opinions of the Supreme Court of Missouri to determine whether an evidentiary hearing in federal court was required or would serve a useful purpose. And we do not think that he erred in determining that a hearing was not required and would serve no useful purpose.

It is clear to us that the constitutional issues which appellant raised in the District Court were raised and fully and fairly litigated in the Circuit Court of Mississippi County and in the Supreme Court of Missouri, and that the findings of those Courts were sufficiently reliable to meet the *Townsend* criteria. Appellant had a full opportunity to make his case in the State courts, and he failed to do so. There is nothing to suggest that he would have been able to make a stronger showing in 1970 than he was able to make in 1966.

In its opinion the District Court mentioned but did not deal specifically with the questions raised by appellant in his second application for post conviction relief in the State courts. As to those questions, suffice it to say that they do not appear to us to be of constitutional dimensions.

Affirmed.