**Victor D. VAUGHN, Appellant,**

v.

**Harold R. SWENSON, Warden, Appellee.**

**No. 71–1172.**

United States Court of Appeals,
Eighth Circuit.

Aug. 17, 1971.

J. Nelson Happy, Kansas City, Mo., on brief for appellant.

John C. Danforth, Atty. Gen., and Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, Mo., on brief for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

In 1965, petitioner, Victor Vaughn, was convicted of first degree robbery in a state court of Missouri on his plea of guilty. He now seeks habeas corpus relief, claiming that his guilty plea was not voluntarily entered under the standards of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and that the state trial court, which originally considered his *Boykin* claim, failed to make adequate findings of fact on the issue of voluntariness, thereby denying him due process of law.

The district court, Judge Oliver, denied relief in an unreported opinion, noting that this court has refused to give retroactive application to the principles announced in *Boykin.* Meller v. State, 431 F.2d 120 (8th Cir. 1970). Additionally, the district court concluded that the ultimate fact of voluntariness was found with sufficient reliability in the state court proceedings to warrant deference to that finding.

Our review of Vaughn's district court file convinces us that his claims are without merit, and that his appeal should be summarily affirmed on the basis of Judge Oliver's comprehensive opinion pursuant to Rule 8 [1] of the Local Rules of this court.

Affirmed.

---

1. 8th Cir.R. 8 (effective May 1, 1971), provides in pertinent part:

> If as a result of a review under Rule 6 it shall appear to the Court that the decision of the trial court should be affirmed or reversed, the Court may take such action without motion by or further notice to the parties.

> Rule 6 referred to above authorizes a screening panel of this court to make a preliminary review of an appeal to determine whether or not to permit oral argument upon presentation of the case.