**James REDUS, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56192.**

Supreme Court of Missouri, Division No. 2.

Sept. 13, 1971.

Charles Clayton, Clayton & Rosen, St. Louis, Guy F. Brown, Inmate legal Counselor for movant-appellant.

John C. Danforth, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

MORGAN, Presiding Judge.

On November 3, 1966, movant entered a plea of guilty to a charge of second degree murder and was sentenced to a term of twenty years. On March 17, 1970, he moved to have the judgment and sentence vacated. Supreme Court Rule 27.26, V.A.M.R. After an evidentiary hearing, relief was denied and movant has appealed.

In his motion to vacate, he alleged: (1) his confession was involuntary, (2) he was provided ineffective assistance of counsel, and (3) his guilty plea was coerced. After a full hearing, the trial court found each contention to be without merit.

Factually, the record reflects that in two prior felony cases movant had entered pleas of guilty and been committed. In the instant case he was charged with first degree murder of his employer, and he allegedly had made a confession to the police.

At the 27.26 hearing, movant testified that he was interrogated over an extended period of time by the police; that he did not confess the killing; and, that neither his attorneys nor the court advised him of his right to trial before a jury. However,

in explanation of why he entered his plea, movant testified: "Because I didn't want to accept no murder rap * * * for first degree murder." When asked, " * * * did you then tell [his counsel] that you would accept the twenty years," he answered, "Yes, sir."

Trial counsel testified that two attorneys had been appointed to represent movant; that they had consulted with movant and knew that his parents had; that they had fully investigated every aspect of the case; that they had fully advised movant of his rights and had consulted with him relative to having a trial by jury; that they had filed and presented a defense motion to suppress the confession, which was denied; and, that movant was aware of all possibilities and without any coercion at all decided it was better to plead guilty.

Movant's father testified that his son told him that he had been offered a jury trial.

■ We need not consider the propriety of the trial court's finding that the confession was, in fact, voluntary, but will assume for the moment that it was not. This, for the reason, it is well established that a confession which might not have been admissible in the event of trial does not, in and of itself, invalidate a subsequent plea of guilty; but, it is simply a factor to be considered along with other facts and circumstances in determining whether the plea of guilty was understandingly and voluntarily entered. McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763; Hamby v. State, Mo., 454 S. W.2d 894, 897; Lee v. State, Mo., 460 S. W.2d 564.

Further, we need not set out that portion of the record pertaining to the acceptance of the guilty plea by the original trial judge, for deficiencies therein, if any, have been fully explored and corrected by the post-conviction hearing held under Rule 27.26. Drew v. State, Mo., 436 S.W.2d 727, 729–730.

■ After the hearing on the motion to vacate, the trial court, in part, found that " * * * defendant was fully advised by his counsel of his right to a jury trial, the nature of the offense and the range of punishment * * *" and " * * * it cannot be said in view of the facts developed at the hearing on this motion, or available to the trial judge at the time the plea was entered, to suggest even the slightest possibility that defendant was coerced into pleading guilty."

On appeal, movant has abandoned his claim of incompetent counsel and, as shown by the record, has failed to demonstrate that his plea of guilty was not voluntarily and understandingly made. To the contrary, the state clearly established the plea of guilty to have been voluntary, and, necessarily, there has been no manifest injustice. For such reasons, we hold that the findings and conclusions of the trial court were not erroneous. Crosswhite v. State, Mo., 426 S.W.2d 67.

The judgment is affirmed.

DONNELLY, J., and HENLEY, Alt. J., concur.

FINCH, J., not sitting.