**Percy CROWE, Plaintiff,**

v.

**STATE OF SOUTH DAKOTA, Defendant.**

**No. Civ. 73–4017.**

United States District Court,
D. South Dakota,
S. D.

April 5, 1973.

William J. Janklow, of Srstka & Janklow, Rosebud, S. D., for plaintiff.

Walter W. Andre, Asst. Atty. Gen., Pierre, S. D., for defendant.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

Percy Crowe petitions this court for habeas corpus relief pursuant to sections 2241 and 2254, 28 U.S.C. Petitioner is currently incarcerated in the South Dakota State Penitentiary for a sentence of 20 years following a plea of guilty to first degree rape. The State concedes that Crowe has exhausted his state court remedies by seeking the post-conviction relief authorized in SDCL 23–52 (1967), and having appealed that adverse decision to the South Dakota Supreme Court. Crowe v. State, 194 N.W.2d 234 (S.D. 1972).

The petition is premised upon two interrelated grounds, both the subject of extensive state court opinions. One by the State Circuit Judge denying post-conviction relief and the other by the South Dakota Supreme Court. Petitioner asserts that "he did not wilfully and knowingly waive his (constitutional) rights when he entered his plea of guilty." He also contends he was denied effective assistance of counsel. The case was submitted to this court upon the state court record and the parties' briefs to the South Dakota Supreme Court. In addition, testimony from the victim, Mrs. Nora Ryken, was received establishing that she had never discussed the facts surrounding this case with Crowe's appointed counsel, Louis French. The South Dakota Supreme Court thoroughly discussed the merits of these contentions in its opinion. Crowe v. State, 194 N.W.2d 234 (S.D.1972). In quashing petitioner's writ, I would but add these remarks.

Percy Crowe was arrested on June 23, 1966, pursuant to a complaint and warrant charging him with first degree rape. The following day bond was set at $10,000. Bond was not met. On June 27, 1966, the Circuit Judge appointed a local attorney, Louis French, to defend Crowe. French met with the petitioner on two separate occasions, both visits lasting approximately one-half hour. On July 12, 1966, petitioner waived a preliminary hearing and was bound over to Circuit Court to stand trial; the presence of defense counsel is not noted in the record but the State's Attorney, at that time, remembers French conversing with his client prior to waiver. On July 16, 1966, defense counsel visited briefly with his client on their way to the arraignment. Petitioner testified that he asked for a "medical examination" at this meeting. The arraignment was had and Crowe entered a guilty plea. A presentence report was waived, but the State's Attorney provided the arraigning Judge, without objection from defense counsel, the F.B.I. "rap" sheet and a picture of the victim as evidence in aggravation. Neither was formally received into evidence. The Judge examined the material and imposed a sentence of 40 years. Upon appeal to the South Dakota Supreme Court the conviction was affirmed; however, the case was remanded for resentencing because the initial sentence was based upon materially erroneous information due to a misinterpretation of the "rap" sheet.

The reviews of this case have been handicapped by the untimely demise of petitioner's defense counsel prior to the post-conviction evidentiary hearing. This infirmity is especially prominent when one of the grounds for relief is the ineffective assistance of counsel. Defense attorney French's absence eliminates any opportunity for explanation of his defense strategy and pretrial investigation. Reviewing courts are left with only the cold record and petitioner's assertions.

Crowe contends that he was not informed of the maximum sentence he could receive, that the court did not inform him of the elements of the crime

charged against him, nor of his right to plead not guilty and compel the state to prove each and every element of the charge beyond a reasonable doubt. And, in addition, that his counsel did not inform him of these rights. Further prejudicial error is alleged in that petitioner is an American-Indian possessing part of an eighth grade education, facts which contributed to his failure to understand the nature of the proceedings at the time of his guilty plea, or at least the consequences of such a plea.

■ ■ These contentions are based upon two theories, either of which, petitioner claims, would provide him grounds for relief. First, that the Judge accepting his plea failed to follow the instructions of the United States Supreme Court in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The South Dakota Supreme Court held, and I concur, that *Boykin's* provisions should be applied prospectively, *i. e.*, applicable to guilty pleas after June 2, 1969. *See* Nachtigall v. Erickson, 85 S.D. 122, 178 N.W.2d 198, 201 (1970). *Boykin* would not apply to petitioner's July 16, 1966, plea. Alternatively, petitioner claims that under the totality of the circumstances rule, he has shown reversible error. For the reasons stated by the South Dakota Supreme Court, I disagree. See 194 N.W. 2d at 236–237. The South Dakota Supreme Court applied the correct standard to facts that petitioner has failed to show by convincing evidence were in error. In re Parker, 423 F.2d 1021 (8th Cir. 1970).

■ ■ Petitioner's claim of ineffective assistance of counsel was also covered in detail by the South Dakota Supreme Court. 194 N.W.2d at 237–241. There is a presumption of the competency of court appointed counsel. Poole v. United States, 438 F.2d 325 (8th Cir. 1971).

> The rule applicable is that a charge of inadequate representation can prevail "only if it can be said that what was or was not done by the defendant's attorney for his client made the proceed-

ings a farce and a mockery of justice, shocking to the conscience of the Court." (citations omitted).

Cardarella v. United States, 375 F.2d 222, 230 (8th Cir. 1967); Hanger v. United States, 428 F.2d 746, 748 (8th Cir. 1970). Mr. French's representation did not fall to this level.

At the habeas corpus evidentiary hearing in this court, petitioner deemed it significant that French had not talked to the victim, as he told his client he would. I find this fact immaterial and explainable. French could have possibly obtained any information he required from either the Sheriff or the State's Attorney, who visited the victim and took action based upon her story. Or, defense counsel could have obtained sufficient other information not requiring a visit with the victim.

It is the order of this court that Percy Crowe's petition for habeas corpus be quashed. Counsel for the State will submit an appropriate order in conformance with this memorandum decision. This memorandum will constitute the findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.