Percy CROWE, Appellant,

v.

STATE OF SOUTH DAKOTA, Appellee.

No. 73-1273.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1973.

Decided Oct. 4, 1973.

Mark V. Meierhenry, S. D. Legal Services, Rosebud, S. D., for appellant.

Kermit A. Sande, Atty. Gen., and Walter W. Andre, Asst. Atty. Gen., Pierre, S. D., for appellee.

Before HEANEY, STEPHENSON and WEBSTER, Circuit Judges.

STEPHENSON, Circuit Judge.

This is an appeal from an order denying federal habeas corpus relief pursuant to 28 U.S.C. §§ 2241 and 2254, entered April 5, 1973, by the Honorable Fred J. Nichol, Chief Judge of the United States District Court for the District of South Dakota. Judge Nichol's memorandum decision is reported at 356 F. Supp. 777.

The record shows that on June 23, 1966, appellant was arrested in Yankton County, South Dakota, and charged with first degree rape. Appellant was unable to meet bond, set at $10,000.00. On June 27, 1966, upon a showing of indigency by appellant, South Dakota Circuit Judge C. C. Puckett appointed Louis French, a practicing attorney in Yankton, South Dakota, to defend appellant. On July 12, 1966, appellant waived preliminary hearing and bond was set at $2,500.00. The record does not conclusively show whether Mr. French was present or absent at the preliminary hearing, although John Kabeiseman, State's Attorney of Yankton County, recalled that Mr. French had conversed with his client prior to waiver. Mr. French also conversed with appellant just prior to arraignment on July 16, 1966, at which appellant entered a guilty plea. Both Mr. French and the State's Attorney waived presentence investigation and report, and the State's Attorney, without objection, introduced to the Court appellant's F.B.I. "rap" sheet and a picture of the victim. Neither item was formally received into evidence. They were nevertheless examined by Judge Puckett. Thereafter, appellant was sentenced to forty years in the South Dakota State Penitentiary.

On September 14, 1966, appellant filed his pro se petition for post-conviction relief pursuant to South Dakota Compiled Laws, § 23–52 (1967). Judge Puckett denied this initial petition on November 26, 1966. On November 5, 1969, appellant again sought post-conviction relief in South Dakota Circuit Court, where he requested and received a full evidentiary hearing before South Dakota Circuit Judge E. W. Hertz. Again appellant was denied post-conviction relief. The South Dakota Supreme Court affirmed Judge Hertz's determination, Crowe v. State of South Dakota, 194 N.W.2d 234 (S.D.1972), but remanded with directions that appellant be resentenced because erroneous information regarding previous rape convictions was relied upon by the trial court in imposing sentence. Appellant's sentence was reduced to twenty years.

On February 21, 1973, appellant applied for a federal writ of habeas corpus

from Chief Judge Nichol, who later ordered that appellant's habeas corpus petition be quashed since appellant did not establish reversible error in acceptance of guilty plea by convincing evidence. 356 F.Supp. 777, 779.

Appellant bases his requested relief upon two main grounds: that he was denied effective assistance of court-appointed counsel, and that his guilty plea was accepted by the South Dakota trial court in violation of his constitutional rights.

Initially we note that Mr. French died prior to the evidentiary hearing upon the post-conviction petition.[1] As indicated by Chief Judge Nichol, "[t]his infirmity is especially prominent when one of the grounds for relief is the ineffective assistance of counsel. Defense attorney French's absence eliminates any opportunity for explanation of his defense strategy and pretrial investigation. Reviewing courts are left with only the cold record and [appellant's] assertions." 356 F.Supp. 777, 778.

Specifically, appellant contends that he was denied effective assistance of counsel in that counsel failed to make an adequate independent investigation of the alleged crime; that counsel failed to explore possible alternative procedures and defenses; that insufficient time was spent by counsel determining whether appellant would benefit by a mental examination; that appellant did not know the nature of the charges brought against him, nor did he understand the consequences of waiving his right to a preliminary hearing and entering his guilty plea. We find that his claims have not been established.

The adequacy of representation of court-appointed counsel cannot be determined solely upon the amount of time counsel spent advising appellant. Such determination is immaterial as it bears upon the propriety of appellant's guilty plea, except to the extent that it relates to the issues of voluntariness and understanding. See, State of Missouri v. Turley, 443 F.2d 1313, 1316 (8th Cir. 1971). It is presumed that court-appointed counsel is competent, and a showing must be made before that presumption can be overcome. Kress v. United States, 411 F.2d 16, 22 (8th Cir. 1969); accord, Slawek v. United States, 413 F.2d 957, 959 (8th Cir. 1969); Cardarella v. United States, 375 F.2d 222, 230 (8th Cir. 1967).

After having carefully reviewed the record in this cause, we are satisfied that appellant has failed to carry his burden of overcoming the presumption of counsel's competency.[2] Likewise, we are satisfied that the trial court's finding upon this issue was not clearly erroneous. See, Kress v. United States, supra, 411 F.2d 16, 22 (8th Cir. 1969).

Appellant also urges that the South Dakota trial court's acceptance of his guilty plea under the attendant circumstances was in violation of his constitutional rights. More particularly, appellant alleges that when accepting his guilty plea, the South Dakota trial court failed to inform appellant of his privilege against compulsory self-incrimination and failed to explain the maximum and minimum penalties for first degree rape. He further alleges that he did not know the consequences of his plea, that

---

1. See Crowe v. State of South Dakota, 194 N.W.2d 234, 238 n. 1 (S.D.1972): "Following Mr. French's untimely death, his office files were purchased by another Yankton law firm. It was stipulated at the post-conviction hearing that no file was found in Mr. French's office concerning petitioner's case. Petitioner argues that this leads to the inference that Mr. French's investigation and preparation on petitioner's behalf was so cursory that he did not even bother to open a file. We believe that there could be logical explanations for the absence of any separate file on petitioner's case."

2. The facts are fully discussed in Crowe v. State of South Dakota, supra, 194 N.W.2d 234, 237–241 (S.D.1972), and need not be repeated herein.

his plea was not made voluntarily, and that he was sentenced upon an incorrect factual basis.

◼ The South Dakota trial court did not specifically inform appellant of the maximum and minimum penalties for the charge against him. Although Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), in effect held that in state criminal proceedings a guilty plea can be upheld only if it is accepted in a manner analogous to the dictates of Fed.R.Crim.Proc. 11, *Boykin* is applicable only to guilty pleas entered after June 2, 1969, the date that decision was rendered. Meller v. State, 431 F.2d 120, 124 (8th Cir. 1970); *accord,* Vaughn v. Swenson, 446 F.2d 1009, 1010 (8th Cir. 1971); Crosswhite v. Swenson, 444 F.2d 648, 650 (8th Cir. 1971); Nachtigall v. Erickson, 178 N.W.2d 198, 200–201 (S.D.1970).

◼ We are satisfied, however, that the trial court's finding that the plea was a voluntary one under the totality of the circumstances was not clearly erroneous. *See,* Vaughn v. Swenson, *supra*; Crosswhite v. Swenson, *supra.* The South Dakota trial court advised petitioner that he had a right to a trial by jury, that he had a right to confront the witnesses against him and to bring forth his own witnesses, and that he was entitled to be out on bond until the next term of court. In his initial appearance before a municipal judge less than a month before his plea, petitioner had been advised of his right to remain silent and that anything he said could be used against him. Moreover, the petitioner was not unfamiliar with the criminal law. In 1937, he had received a ten-year penitentiary sentence on the charge of rape. Thereafter, he was at various times charged with grand larceny, breaking jail, 4th degree burglary and escape from jail. Finally, he had been told before he pled guilty that the charge was a serious one.

Affirmed.