**Charles Miller MOORE, Appellant,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Appellee.**

**No. 73-1433.**

United States Court of Appeals, Eighth Circuit.

Dec 6, 1973.

Gerald R. Ortbals, St. Louis, Mo., for appellant.

John C. Danforth, Atty. Gen., and Stephen D. Hoyne, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

We review here the District Court's finding, 360 F.Supp. 583, that the petitioner's pleas of guilty to first degree murder and first degree robbery were voluntarily made on advice of counsel with a full awareness of the consequences of the pleas. After a careful review of the record, we are satisfied that this finding is not clearly erroneous. *See,* Crowe v. South Dakota, 484 F.2d 1359 (8th Cir. 1973); Crosswhite v. Swenson, 444 F.2d 648 (8th Cir. 1971), cert. denied, 405 U.S. 1042, 92 S.Ct. 1320, 31 L.Ed.2d 584 (1972).

■ It seems clear from the record that the petitioner entered the pleas to avoid a possible death penalty in the event the jury found him guilty. The possibility that these events would occur does not appear to have been remote, as a codefendant was found guilty and executed, and the evidence against the petitioner appears to have been strong. The fact that the pleas were entered to avoid this possibility does not, in and of itself, require that the pleas be set aside as involuntary. *See,* North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed. 2d 162 (1970); Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L. Ed.2d 785 (1970); Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

■ The petitioner argues that the burden of proving voluntariness shifted to the state because the state was unable to produce a transcript of the pleas to the state post-conviction court, the Supreme Court of the State of Missouri, the federal District Court, or this Court. He also argues that the state's inability to produce the transcript at these hearings was the result of its own negligence and that, under these circumstances, the state has the burden of proving that the pleas were voluntarily entered. The government cites United States ex rel. Grays v. Rundle, 428 F.2d 1401, 1404 (3rd Cir. 1970), as authority to the contrary. We need not reach this issue. If the burden rested with the state, it was nonetheless sustained. All available witnesses were called to reconstruct the record. Their testimony is sufficiently strong to sustain the finding of voluntariness. Moreover, there is substantial evidence to support the trial court's finding that the absence of the transcript was not caused by the negligence of the state. The court reporter was in poor health when the transcript of the guilty pleas was ordered eight years after the pleas were entered. He died before he could undertake typing the transcript and no other reporter could be found who could read his notes.

Affirmed.