**Richard Keven GOODWIN, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 57781.**

Supreme Court of Missouri, Division No. 1.

Dec. 10, 1973.

Lloyd F. Dieckman, Pohlmann & Dieckman, Kansas City, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

WELBORN, Commissioner.

Appeal from denial of relief in proceeding under Rule 27.26 V.A.M.R. to set aside judgment and sentence of life imprisonment, entered on plea of guilty to murder in the first degree.

On April 27, 1967, John Holmes, a service station attendant in Kansas City, attempted to resist three men who held him up and was shot to death, receiving six or seven bullet wounds. At around 1:00 A.M. on April 28, movant-appellant, Richard Keven Goodwin, then 17 years of age, appeared at Menorah Hospital, accompanied by his father. He received treatment for a gunshot wound of the wrist. Police were called and questioned Goodwin. He told them that he was shot by two boys in a car. He was allowed to return home, but was again taken into custody by police at around 6:30 A.M. the same morning. He was taken to headquarters and questioned about the Holmes shooting. Over a period of some 12 hours, Goodwin gave the police, in response to interrogation, some three versions of his involvement in the Holmes killing. The content of none of the statements has been shown, but following the interrogation Goodwin and two other persons were charged with murder in the case.

Phillip Myles of the Public Defender's Office represented Goodwin at a preliminary hearing before a magistrate in May, 1967. Myles had been admitted to the bar in May, 1967. In the preliminary hearing, he challenged the movant's statement as having been taken in violation of the Miranda rule, but the challenge was overruled and defendant bound over for trial in the circuit court.

In the circuit court, movant was represented by Mr. June Hill, the First Assistant Public Defender, with Myles as his assistant.

On August 1, 1967, Goodwin, represented by Hill and Myles, and accompanied by his father, appeared in the Jackson County Circuit Court before Judge Richard H. Koenigsdorf and entered a plea of guilty to the charge of murder in the death of Holmes. The court interrogated Goodwin, his counsel and his father and accepted the plea. In the course of the interrogation, Goodwin admitted that he and two other boys went to the service station to rob the attendant. Goodwin said he had a .45 automatic and that when Holmes fired at him and his companions he returned the fire and then fled from the scene. The court rejected the state's plea for the death sentence and sentenced Goodwin to life imprisonment.

On December 2, 1968, Goodwin filed a motion under Rule 27.26 V.A.M.R. to set aside the judgment. A hearing was held on the motion and judgment was rendered adverse to movant. No appeal was taken from the judgment.

On April 27, 1971, movant filed the motion now under review. A hearing was held at which movant, his father, Myles and Hill testified. The transcript of the sentencing procedure was also placed in evidence. The trial court entered findings and judgment adverse to movant.

On this appeal, movant contends that the trial court erred in refusing to set aside his plea because it was induced by an involuntary confession and that counsel were remiss in failing to move to suppress the confession at the circuit court level.

"Even if it were assumed that petitioner's plea was brought about by a prior coerced confession, such a plea would not be rendered invalid per se so long as when entering the guilty plea, petitioner received competent advice from counsel. McMann v. Richardson (1970), 397 U.S. 759, 90 S. Ct. 1441, 25 L.Ed.2d 763.

\* \* \* \* \* \*

"As we stated in Robinson v. United States (8th Cir. 1971), 448 F.2d 1255, 1256, in order for a Sixth Amendment assertion of denial of effective assistance of counsel to lie, the attendant circumstances must be such that counsel must demonstrate a 'deliberate abdication of [his] ethical duty to his client.' There must be 'such conscious conduct as to render pretextual an attorney's legal obligation to fairly represent the defendant.' The mere assertion by petitioner that he retrospectively considers counsel's advice to have been ungainly does little more than tilt at windmills. See McMann v. Richardson, supra, 397 U.S. at 771, 90 S.Ct. 1441, 25 L.Ed.2d 763. Furthermore, that a guilty plea must be intelligently made does not contemplate that all advice offered by counsel withstand the scrutiny of hindsight in a postconviction proceeding. Although the Constitution guarantees the right to competent counsel, we cannot expect counsel to be omniscient or clairvoyant." Redus v. Swenson, 468 F.2d 606, 607[1], [2] (8th Cir. 1972). See Redus v. State, 470 S.W.2d 539 (Mo. 1971).

" \* \* \* If a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not 'within the range of competence demanded of attorneys in criminal cases,' McMann v. Richardson, supra, 397 U.S. at 771, 90 S.Ct. [1441] 1449, 25 L.Ed.2d 763. Counsel's failure to evaluate properly facts giving rise to a constitutional claim, or his failure properly to inform himself of facts that would have shown the existence of a constitutional claim, might in particular fact situations meet this standard of proof. Thus while claims of prior constitutional deprivation may play a part in evaluating the advice rendered by counsel, they are not themselves independent grounds for federal collateral relief.

"We thus reaffirm the principle recognized in the Brady trilogy: a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann." Tollett v. Henderson, 411 U.S. 258, 266–267, 93 S.Ct. 1602, 1608, 36 L.Ed. 2d 235 (1973).

■ The factual issue, therefore, properly presented by appellant's 27.26 motion was not the voluntariness of his statements, but the competency of the advice of his counsel. Redus v. State, supra. Other than showing that no motion to suppress was filed in the circuit court, movant presented no evidence which would have demonstrated that the advice of his attorneys did not meet McMann standards. Nor does the failure to file the motion to suppress movant's statement or statements demonstrate that his counsel failed to evaluate properly the facts giving rise to a possible claim of deprivation of constitutional right in the obtaining of the statements. Clearly counsel had informed themselves of the facts relative to the claim, as evidenced by the raising of the question at the preliminary hearing. Counsel were called upon to evaluate movant's claims, based upon his statements, which were contradicted by his written acknowledgment. His senior counsel, Mr. Hill, an attorney of wide experience in criminal law, concluded that an attack upon the statements would end up as a swearing match, with the police department the almost inevitable winner.

In these circumstances, counsel's failure to pursue the objection to the statements and the advice given movant have not been demonstrated to have been beyond "the range of competence demanded of attorneys in criminal cases." McMann v. Richardson, supra. Therefore, the trial court properly refused to grant relief on the grounds that the plea of guilty was involuntary because it was the result of prior statements obtained in violation of constitutional rights.

■ Movant also contends here that he was deprived of effective assistance of counsel because of failure of counsel properly to investigate the case. The trial court's finding on this issue, adverse to movant, is not clearly erroneous. Rule 27.-26(j) V.A.M.R. Movant in no manner demonstrated what direction an investigation should have taken and he suggests no possibility of an overlooked defense which the claimed failure might have uncovered. Carpenter v. State, 479 S.W.2d 466, 468[2] (Mo.1972).

■ Appellant's final contention is that the trial court erred in not setting aside his guilty plea because it was accepted without the trial court's advising him of, or determining that he had been advised of his constitutional right to compulsory attendance of witnesses in his behalf, his right to confront witnesses against him, and his right to be free from self-incrimination. At the time that it accepted his plea, the trial court questioned appellant at length. The colloquy does not disclose specific reference to the matters complained of. Trial counsel testified at the hearing that he had advised movant of his right to compulsory attendance of witnesses and of his other rights with respect to the possible trial of the cause. The trial court's finding that the record demonstrated a knowing and voluntary plea of guilty is not clearly erroneous. Rule 27.26(j) V.A.M.R.

Actually, the only argument of appellant in this court on this issue is for this court's retroactive application of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.

Ed.2d 274 (1969). This court has previously declined to follow this course. Flood v. State, 476 S.W.2d 529 (Mo.1972). The view of this court finds support in decisions of the Eighth Circuit Court of Appeals. See Meller v. State of Missouri, 431 F.2d 120, 124[4] (8th Cir. 1970); Vaughn v. Swenson, 446 F.2d 1009, 1010 (8th Cir. 1971); Crosswhite v. Swenson, 444 F.2d 648, 650[1] (8th Cir. 1971); Crowe v. South Dakota, 484 F.2d 1359 (8th Cir.), filed October 4, 1973.

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN C., is adopted as the opinion of the Court.

All of the Judges concur.