**UNITED STATES of America, Appellee,**

v.

**John LoFRANCO, Defendant-Appellant.**

**No. 975, Docket 86–1183.**

United States Court of Appeals,
Second Circuit.

Submitted April 13, 1987.

Decided May 6, 1987.

Gary L. Sharpe, Asst. U.S. Atty., Bing-hamton, N.Y. (Frederick J. Scullin, Jr., U.S. Atty., N.D.N.Y., of counsel), for appellee.

Joseph M. Flak, Boston, Mass., for de-fendant-appellant.

Before VAN GRAAFEILAND, PRATT, and MINER, Circuit Judges.

PER CURIAM:

John LoFranco appeals from a judgment of conviction entered following his guilty plea to three counts of a six count indict-ment. He claims violations of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, and, by virtue of a court-ordered amendment to his indictment, of his fifth amendment right to indictment by a grand jury. Finding no merit in either contention, we affirm.

First, we agree with the eleventh and fifth circuits, which have held that "violations of the defendant's rights to a speedy trial" are nonjurisdictional and therefore waived by a guilty plea that does not include a court-approved reservation of the issue. *Tiemens v. United States,* 724 F.2d 928, 929 (11th Cir.), *cert. denied,* 469 U.S. 837, 105 S.Ct. 134, 83 L.Ed.2d 74 (1984); *see United States v. Jackson,* 659 F.2d 73, 74 (5th Cir.1981), *cert. denied,* 455 U.S. 1003, 102 S.Ct. 1637, 71 L.Ed.2d 870 (1982).

In holding that LoFranco's guilty plea waived any Speedy Trial Act objec-tions he might have had, we do not imply that there was a violation of the act. We do note, however, that Chief Judge Mun-son's order of September 26, 1985, exclud-ing from computation under the act all time from that date until trial pursuant to § 3161(h)(8), could be interpreted as allow-ing virtually unlimited delays. We assume that this order was made in anticipation of a particular trial date, thus limiting what might otherwise be a boundless exclusion of time that could undermine the purposes of the Speedy Trial Act. We remind dis-trict judges that the length of an exclusion under § 3161(h)(8) for a "complex" case, 18 U.S.C. § 3161(h)(8)(B)(ii), should reasonably be related to the actual needs of the case, and should not be used either as a calendar control device or as a means of circumvent-ing the requirements of the Speedy Trial Act.

LoFranco also contends that the in-dictment against him was impermissibly amended when the district court granted the government's motion to amend the in-dictment by substituting "Schedule II" for "Schedule III" where it appeared in connec-tion with the charges that LoFranco had dealt in methamphetamines. As a mere error in citation which worked no prejudice

on LoFranco, this amendment was permissible under Fed.R.Crim.P. 7(c)(3).

Affirmed.