UNITED STATES of America, Appellee,

v.

**Bonnie Lynn LEWIS, Appellant.**

No. 89–5476.

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1990.

Decided July 5, 1990.

---

David C. Thompson, Fargo, N.D., for appellant.

Lynn E. Crooks, Fargo, N.D., for appellee.

Before MCMILLIAN and ARNOLD, Circuit Judges, and HEANEY, Senior Circuit Judge.

HEANEY, Senior Circuit Judge.

Bonnie Lynn Lewis moved to have her indictment dismissed because the government violated her constitutional right to a speedy trial. The district court denied the motion. We affirm.

On September 4, 1987, Lewis entered the United States at the Pembina, North Dakota, port of entry. She was driving a late model automobile containing plastic bags "stuffed" with clothing in the rear seat and trunk. She identified herself as a United States citizen and resident of Los Angeles, California. She completed the declaration form, indicating total purchases in Canada of $75.00.

Upon investigation, the Customs agents discovered that the plastic bags contained new clothing intended for sale in Canada. The agents estimated the value of the clothing to be $6,000.00. Price tags identifying stores located in Winnipeg were found in the car.

The agents seized the car and the new clothing, but they did not arrest Lewis. She left the border station on foot, carrying a briefcase and a new bottle of shampoo back to California.[1]

Later in 1987, the government indicted Lewis. United States Marshals promptly attempted and twice failed to arrest Lewis. No further efforts to arrest Lewis were made for about 19 months. The government explains that the 19–month delay occurred because of miscommunication between Customs officials and the Marshals.

In March 1989, Customs officials notified the Marshals that they had just been informed that Lewis was in custody in California with one month left to serve on a state court sentence. A detainer was filed, and Lewis was placed in custody of federal agents.

Lewis moved to dismiss the indictment on the grounds that her Sixth Amendment right to a speedy trial was violated. The district court took this motion under advisement pending trial. The jury found Lewis guilty of making false, material Customs declarations and intentionally smuggling clothing into the United States. The court sentenced her to two consecutive six-month periods of imprisonment.

The court then denied her motion for dismissal. It reasoned that the underlying facts did not constitute a speedy trial violation, as outlined in *United States v. Loud Hawk*, 474 U.S. 302, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986), and that the delay did not impair Lewis' ability to defend herself.

The Supreme Court has held that the determination of whether a defendant's Sixth Amendment right to a speedy trial has been violated is contingent on the particular circumstances of the case at hand. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101 (1972).[2] In this instance, there are circumstances that cut both in favor and against finding that the violation occurred. Circumstances indicating that Lewis' right to a speedy trial was violated include the length of the delay and that negligence on the part of the government caused this delay. On the other hand, the underlying circumstances indicating that no violation occurred include that Lewis did not know that she was indicted because the indictment was sealed,[3]

---

1. The bottle of shampoo was properly declared.

2. In *Barker*, the Court identified four factors that were relevant in that case: Length of delay, the reason for the delay, the defendant's assertion of his or her right, and the prejudice to the defendant. 407 U.S. at 530, 92 S.Ct. at 2191. It also states that it regarded "none of the four factors identified above as either a necessary or sufficient condition to the finding of a depriva-

tion of the right to a speedy trial." *Id.* at 533, 92 S.Ct. at 2193.

3. The indictment was sealed pursuant to a standing court order and not an order in this case. The general rule is that speedy trial rights do not attach in instances when the indictment is sealed unless the defendant is aware of the indictment or the record indicates intentional delay on the part of the prosecution. Neither of those exceptions are asserted by Lewis.

that she was in a California jail for nearly one year of the 19–month period, and that the delay did not harm her ability to defend herself.

All in all, we believe that the circumstances of the delay are insufficient to justify a holding that her constitutional right to a speedy trial was violated. Thus, we affirm the district court.