**Terry COX, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

**No. 91–1481–EA.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1991.

Decided July 16, 1992.

---

John Wesley Hall, Jr., Little Rock, Ark., argued (John Wesley Hall, Jr. and Craig Lambert, on the brief), for appellant.

Olan Warren Reeves, Little Rock, Ark., argued (Winston Bryant and Olan W. Reeves, on the brief), for appellee.

Before McMILLIAN and JOHN R. GIBSON, Circuit Judges, and HUNTER,[*] Senior District Judge.

ELMO B. HUNTER, Senior District Judge.

Terry Cox appeals from the district court's[1] Memorandum Opinion and Order and Judgment denying his habeas corpus petition brought pursuant to 28 U.S.C.A. § 2254.

Appellant Cox, an inmate of the Arkansas Department of Correction, petitioned the district court for the Eastern District of Arkansas for habeas corpus relief under 28 U.S.C.A. § 2254. Cox argued for relief on grounds that his counsel was ineffective for advising him to plead guilty, despite a "winnable" speedy trial issue and that his guilty plea was not knowingly and voluntarily given. On January 25, 1991, the district court entered its order and judgment dismissing Cox's petition and denying the relief sought. We affirm.

Appellant, Terry Cox, advances three grounds for his appeal. First he contends that the district court erred in holding that his Sixth Amendment speedy trial claim is procedurally barred. Second, he asserts that defense counsel was ineffective in advising him to plead guilty. Finally, defendant argues that his guilty plea was not knowingly or voluntarily given.

We believe that, if we find that appellant Cox's guilty plea was knowingly and voluntarily given, his first ground, relating to his Sixth Amendment speedy trial claim, must necessarily fail. As such, we will consider the first and third grounds together. We will then take up appellant's second ground that defense counsel was ineffective.

## BACKGROUND

Appellant, Terry Cox, and a co-defendant were charged with capital murder, attempted capital murder, attempted first degree murder, conspiracy, criminal solicitation and terroristic threatening in an information filed November 10, 1982. Appellant and his co-defendant were to be tried separately. Appellant's state court counsel and the prosecutor agreed that appellant would be tried after his co-defendant. Consistent with such agreement, appellant's counsel filed a motion for continuance, but the motion was never ruled by written order of the court excluding the time for the purposes of the Arkansas Speedy Trial Act. Appellant's attorney agreed to the delays because he wanted the opportunity to see the state's case against appellant, as presented against appellant's co-defendant.

Appellant's co-defendant was convicted in April of 1985. Appellant requested, and was granted, a change of venue, and his case was set for trial on October 21, 1985. By this time, appellant had retained additional defense counsel. On October 7, 1985, appellant's counsel again moved for a continuance, this time for medical reasons. After one more continuance, by agreement, the trial was re-scheduled for October 20, 1986.

On October 10, 1986, appellant filed a motion to dismiss for lack of a speedy trial. As a result of the motion, and the subsequent hearing on the motion, appellant's trial was again re-scheduled. The trial court found that the period of delay was excludable as a period for good cause and that any reliance on the time limits set forth under the state statute or rule had been waived. On September 10, 1987, pursuant to a plea agreement, appellant pled guilty to the reduced charge of first degree murder and was sentenced to forty (40) years in the Arkansas Department of Correction. All other charges were dropped. Appellant's counsel advised acceptance of the plea agreement because of his understanding that, if appellant appealed the denial of his speedy trial motion, the state would withdraw its plea offer and put the

---

[*] The HONORABLE ELMO B. HUNTER, Senior United States District Judge for the Western District of Missouri, sitting by designation.

[1]. The HONORABLE HENRY L. JONES, JR., United States Magistrate. Below, this matter proceeded before Magistrate Jones upon consent of the parties. Pursuant to 28 U.S.C.A. § 636(c)(3), his judgment is treated as a judgment of the district court and is subject to direct appeal to this Court.

case to trial, exposing appellant to either the death penalty or life without parole.

After conviction and sentencing, appellant petitioned the state trial court for postconviction relief pursuant to Rule 37, Ark. R.Crim.P. 37, alleging that defense counsel was ineffective for advising appellant to plead guilty despite a clear violation of Arkansas' speedy trial rule, Ark.R.Crim.P. 28.1, and that the guilty plea was invalid because appellant was unaware that he was waiving his right to appeal by pleading guilty. After a hearing, the state trial court denied appellant's petition. Appellant appealed the denial to the Arkansas Supreme Court, which affirmed. *Cox v. State*, 299 Ark. 312, 772 S.W.2d 336 (1989).

On October 24, 1989, appellant petitioned the United States District Court for the Eastern District of Arkansas for habeas corpus relief, raising essentially the same claims as those raised in his state court proceeding. In an Order and Judgment filed January 25, 1991, the district court denied appellant's petition for relief. It is the decision of the district court that appellant now appeals.

I.

A. Voluntariness of the Guilty Plea

■ Cox argues that his guilty plea was not knowingly or voluntarily given because he was not made aware that his guilty plea operated as a waiver of his right to appeal. He particularly argues that he was not made aware that he was waiving his right to appeal from the denial of his speedy trial issue. We disagree.

Both parties to this case note that the district court did not make explicit findings with regard to this claim for relief. We believe, however, that a finding that appellant's plea was submitted intelligently and voluntarily is necessarily subsumed in the district court's denial of relief. The district court, in its memorandum opinion and order, sets forth appellant's claim that his guilty plea was involuntary because he was not aware that pleading guilty would effect a waiver of his right to appeal. Therefore, the district court's dismissal of appellant's petition and denial of his request for habeas relief necessarily rests upon a finding that appellant's guilty plea should stand. We will not disturb that determination of the district court unless it is clearly erroneous. *Moore v. Swenson*, 487 F.2d 1020, 1021 (8th Cir.1973); *Crowe v. South Dakota*, 484 F.2d 1359, 1362 (8th Cir.1973), *cert. denied*, 415 U.S. 927, 94 S.Ct. 1435, 39 L.Ed.2d 485 (1974).

At the hearing held by the district court, the parties stipulated that the record was adequate to decide the matter. No testimony was offered. The record considered by the district court included: transcript of Cox's guilty plea; the transcript of Cox's Rule 37 hearing; the signed plea statement; and the Arkansas Court's opinion, including its factual findings, regarding Cox's Rule 37 motion.

At bottom, appellant argues that his guilty plea was not knowingly and voluntarily made because he was not aware at the time of his plea that he was waiving his right to appeal. In support of this argument, appellant points to the transcript of his guilty plea and complains that because the trial court stated the rights that he would be waiving in the affirmative, the record supports a finding that he was being advised that he would retain the right to appeal by pleading guilty.[2]

---

**2.** We believe a fair reading of the transcript of appellant Cox's guilty plea demonstrates that the trial court clearly instructed Cox that he had a right to a jury and non-jury trial, that certain rights accrue as a result of exercising his right to go to trial and that by pleading guilty he would be waiving such rights.

> BY THE COURT:
> All right. If you plead here today, I want you to understand that you have a right to a jury trial and a non-jury trial and you *give up*

or *relinquish* or *waive* those rights. Do you understand that?

> BY MR. COX:
> Yes.

Tr. Guilty Plea at 7 (emphasis added).

The Court then goes on to describe, in the affirmative, the rights that will be waived by pleading guilty.

> BY THE COURT:
> Do you understand that a jury trial where you have twelve people who are picked from the county off the voting records and they are

■ Additionally, Cox directs the Court's attention to his own testimony, the testimony of his father and the testimony of his defense counsel given at his Rule 37 hearing. The voluntariness of Cox's guilty plea was fully considered by the Arkansas courts and they found that it was voluntarily and knowingly given. The trial court found that Cox's plea was, indeed, voluntarily and intelligently entered; the trial court was affirmed by the Arkansas Supreme Court.[3] The court's credibility determinations and findings regarding the underlying facts are entitled to a presumption of correctness and should not be attacked in a federal habeas case. *Pittman v. Black,* 764 F.2d 545, 546 (8th Cir.), *cert. denied,* 474 U.S. 982, 106 S.Ct. 389, 88 L.Ed.2d 341 (1985). Our role is merely to determine if the state court's findings have fair support in the record. *Id.; see also Amos v. Minnesota,* 849 F.2d 1070, 1072 (8th Cir.), *cert. denied,* 488 U.S. 861, 109 S.Ct. 159, 102 L.Ed.2d 130 (1988) (in habeas cases federal appellate court must presume state court's findings are correct). We believe they do.

The state court also relied on, and we take note of, the fact that appellant signed a guilty plea statement. At his Rule 37 hearing, appellant Cox conceded that he signed the guilty plea statement and that the trial court went over the guilty plea statement with him at the time. The signed statement says, *inter alia,* "I understand if I plead guilty to any of these charges as to those charges to which I plead guilty I waive and give up certain of my legal rights, including ... [t]he right to a public and speedy trial by jury, ... [and] [t]he right to appeal from the verdict, conviction, and judgment, challenging all issues of fact and law." Guilty Plea Statement of Terry Cox, Sep. 10, 1987.[4]

For the above stated reasons, we agree with the district court that appellant Cox knowingly and voluntarily entered his plea of guilty. Accordingly, we AFFIRM the district court on this point.

### B. Speedy Trial Claim

Cox, for the first time, argued to the district court below that his previously raised state speedy trial claim should be analyzed under the federal constitution as

---

selected from the list and then you choose, you and the State choose from that list to select the jury panel. Do you understand that?
BY MR. COX:
   Yes.
BY THE COURT:
   Do you understand that you have a right to a public trial. Do you understand that?
BY MR. COX:
   Yes.
BY THE COURT:
   Do you also understand that you have a right to a speedy trial. Do you understand that?
BY MR. COX:
   Yes.

\*   \*   \*   \*   \*   \*

BY THE COURT:
   Do you understand that in a trial ... that the State of Arkansas must produce evidence ... in order to prove you guilty. Do you understand that?
BY MR. COX:
   Yes.

\*   \*   \*   \*   \*   \*

BY THE COURT:
   Do you also understand that you have a right to appeal the conviction if there is one in a trial to a higher court which challenges the facts of evidence and points of law you think that we made a mistake on. Do you understand that?
   *Id.* at 7, 8, 9.

**3.** The Court stated:

From considering the exhibits received in this hearing, the testimony of the defendant, and the testimony of defendant's counsel *the court finds that the defendant was aware of the effect of his guilty plea.* The defendant's counsel did not specifically testify that he failed to inform the defendant of his waiver of right to appeal in the event of a guilty plea. The court notes *the manner and demeanor* of both the defendant and his counsel while testifying leads this court to conclude that the plea of the defendant was voluntarily and intelligently entered. The defendant signed the guilty plea statement informing him of his rights before the plea.
*Cox v. State,* 299 Ark. 312, 319, 772 S.W.2d 336, 339 (1989) (emphasis added).

**4.** It is also the fact that the guilty plea statement incorporates several handwritten additions or deletions which favor the appellant. This Court views those changes as added indicia of the fact that appellant and his counsel thoroughly reviewed and considered the guilty plea statement prior to signing it.

a Sixth Amendment speedy trial claim. The district court dismissed this claim on the grounds that: (1) by pleading guilty, appellant waived his right to a speedy trial; and (2) since appellant failed to raise the Sixth Amendment speedy trial issue in state court, he was procedurally barred from raising it for the first time in his habeas petition to the federal district court.

### 1. *Guilty Plea Waiver*

█ The district court concluded that appellant waived any claim concerning a speedy trial upon entry of his guilty plea. Having above concluded that appellant's guilty plea was knowingly and voluntarily entered, we agree that he has waived his right to a speedy trial. *Becker v. Nebraska,* 435 F.2d 157 (8th Cir.1970), *cert. denied,* 402 U.S. 981, 91 S.Ct. 1684, 29 L.Ed.2d 145 (1971) ("A voluntary plea of guilty constitutes a waiver of all non-jurisdictional defects[,] ... [and] the right to a speedy trial is non-jurisdictional in nature."); *see also United States v. LoFranco,* 818 F.2d 276, 277 (2d Cir.1987) ("[W]e agree with the eleventh and fifth circuits, which have held that 'violations of the defendant's rights to a speedy trial' are non-jurisdictional and therefore waived by a guilty plea that does not include a court-approved reservation of the issue.").

### 2. *Procedural Bar*

In light of our conclusion above, we need not reach the procedural bar issue. In the interest of giving appellant his full due, however, we will examine the district court's determination that appellant was procedurally barred from advancing his Sixth Amendment speedy trial claim because he had failed to present the claim to the state court.

Appellant admits, and the record supports, that he did not raise the Sixth Amendment speedy trial issue in state court. The speedy trial issue he raised in the state court was based solely on the Arkansas state speedy trial act and the case of *Shaw v. State,* 18 Ark.App. 243, 712 S.W.2d 338 (1986), which interpreted the state act. The Arkansas Supreme Court reviewed this claim and distinguished appellant's case from *Shaw, supra,* and found that there was no violation of the state speedy trial act. Appellant concedes that there is no vitality left in his state speedy trial claim, but now tries to reformulate that claim into a Sixth Amendment speedy trial/due process argument. The district court held that petitioner had failed to assert the Sixth Amendment speedy trial claim in state court and, therefore, could not raise it for the first time in his federal habeas petition.

█ This Circuit has adopted a four-step analysis to determine if a habeas petition may be considered when the claims have not been presented to the state court. *Smittie v. Lockhart,* 843 F.2d 295, 296 (8th Cir.1988) (citing *Laws v. Armontrout,* 834 F.2d 1401, 1412–15 (8th Cir.1987)).

> First, the court must determine if the petitioner fairly presented "the federal constitutional dimensions of his federal habeas corpus claim to the state courts." [ ]. If not the federal court must determine if the exhaustion requirement has nonetheless been met because there are no "currently available, non-futile state remedies", through which the petitioner can present his claim. [ ]. If a state remedy does not exist, the court next determines whether the petitioner has demonstrated "adequate cause to excuse his failure to raise the claim in state court properly." [ ]. If petitioner can show sufficient cause, the final step is to determine whether he has shown "actual prejudice to his defense resulting from the state court's failure to address the merits of the claim." [ ].

*Id.* (citations omitted). As noted, under this analysis, the court must first decide if the "federal constitutional dimensions" of the federal habeas claim have been "fairly presented" to the state court. *Laws v. Armontrout,* 834 F.2d 1401, 1412 (8th Cir. 1987), *vacated,* 845 F.2d 782 (8th Cir.), *and reaffirmed,* 863 F.2d 1377 (8th Cir.1988), *cert. denied,* 490 U.S. 1040, 109 S.Ct. 1944, 104 L.Ed.2d 415 (1989). This step requires that the petitioner "must have informed the state court of *both the factual and*

*legal* premises" of the claim. *Id.* (citations omitted) (emphasis in original).

■ In this case, appellant has failed to demonstrate that he has "fairly presented" his federal constitutional claim to the state court. As noted above, in state court, appellant's speedy trial claim was limited to examination under the state speedy trial statute. He argues here, with some force, that advancing a claim under the state speedy trial act, which was adopted to enforce the constitutional speedy trial guarantee, adequately presented the state court with the *legal basis* of present federal claim.[5]

Even if we agreed with appellant that he had presented an analogous legal basis in state court for the federal claim he raises here, it would be insufficient. Our cases hold that *both* the *factual and legal* premises must be fairly presented to the state court. *Id.* "It is well-settled that a petitioner must present the state courts with precisely the same factual underpinnings of his federal constitutional argument that the petitioner wishes to use to support his claim in his federal habeas corpus petition." *Id.* at 1413. At the time Cox was charged, the Arkansas speedy trial act provided in pertinent part:

> [a]ny defendant charged with an offense in circuit court ... shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within eighteen (18) months from the time provided in rule 28.2, excluding only such periods of necessary delay as authorized in Rule 28.3.

Ark.R.Crim.P. 28.1(c). The other aspect of Cox's speedy trial claim presented in state court dealt with whether there was adequate documentation in the trial court record to indicate certain periods of time were excluded at the request of defendant. Plainly, the legal and factual premises of the claim before the state court focused upon the calculation of certain time periods and whether defendant requested or was responsible for certain delays. A fair presentation of appellant's current Sixth Amendment speedy trial claim would have required a much broader factual and legal presentation.

■ Whether a Sixth Amendment speedy trial violation has occurred can be determined only after consideration of all the relevant circumstances of the case at hand. *See generally, United States v. Lewis,* 907 F.2d 773, 774 (8th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 274, 112 L.Ed.2d 230 (1990) (citing *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972)). Determination of a Sixth Amendment speedy trial claim requires the court to consider four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his or her right; and (4) the prejudice to the defendant. *United States v. Kaylor,* 877 F.2d 658, 663 (8th Cir.), *cert. denied,* 493 U.S. 871, 110 S.Ct. 198, 107 L.Ed.2d 152 (1989) (citations omitted). At most, appellant's state claim raised and presented only the first two factors. Accordingly, we agree with the district court's conclusion that appellant did not fairly present his federal constitutional claim to the state courts.

Having failed to fairly present his claim to the state courts, appellant could still meet the exhaustion prong by demonstrating that there are no non-futile state remedies currently available, through which petitioner could present his claim. *Smittie,* 843 F.2d at 276. Assuming, for the purposes of this analysis, that appellant has

---

5. In his brief, appellant states:
   The *only question* here relates to the *legal basis* for the argument, i.e., whether it was based upon the state speedy trial rules or the federal Sixth Amendment speedy trial guarantee. We acknowledge that Cox's Rule 37 [state] petition does not contain a reference to the latter of these. However, referring to the applicable state speedy trial rules (Ark. R.Crim.P. 28 *et seq*) is sufficient because "[r]ule 28 was adopted for the purpose of enforcing the constitutional provisions requiring a speedy trial." [citations omitted]. In light of this, it should be held that reference to Ark.R.Crim.P. 28 is clearly an implied reference to the Sixth Amendment speedy trial guarantee.
   Appellant's Opening Br. at 13 (emphasis added).

met the exhaustion requirement,[6] petitioner has wholly failed to demonstrate adequate cause for his failure to raise his claim before the state court and actual prejudice, resulting from the state's failure to address the merits of his claim. For the aforementioned reasons, we AFFIRM the district court's determination that appellant is barred from presenting his Sixth Amendment speedy trial claim.

## III.

Finally, appellant argues that defense counsel was ineffective in advising him to plead guilty in spite of the existence of a "winnable" speedy trial claim. Simply put, we do not agree with appellant's starting premise, that, at the time counsel advised him to plead guilty, it was ascertainable that he had a "winnable" speedy trial claim.

■ The standard that applies in evaluating claims of ineffective assistance of counsel challenges to guilty pleas is the same standard set forth by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). *Strickland* requires that appellant first show that counsel's representation fell below an objective standard of reasonableness and that, in the context of a guilty plea, "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 58–59, 106 S.Ct. at 370; *see also Thomas v. Lockhart,* 738 F.2d 304, 307 (8th Cir.1984) (This Circuit had adopted the same general approach prior to the Supreme Court's decision in *Hill, supra.).* Counsel's conduct is to be examined as of the time of trial, it is not to be viewed with the tint of hindsight.

The record demonstrates that counsel's advice that appellant Cox accept the plea offer for the reduced charge, rather than pursue his motion to dismiss for lack of a speedy trial, was, in part, based on his understanding that if he did otherwise, the state would withdraw its plea offer. Once withdrawn, appellant would be put to trial and, if convicted, would face the death penalty or life without parole.

■ In light of the Arkansas Supreme Court denying his state speedy trial claim, appellant surely can neither claim that the state claim was a "winnable" speedy trial claim, nor that his counsel was ineffective for advising him to abandon the state claim and take the plea. The district court found that counsel's advice to forego the appeal of the motion to dismiss and accept the plea offer was a reasonable tactical decision. We agree.

We would further add that appellant's present contention that counsel was ineffective for failing to pursue a Sixth Amendment speedy trial claim is equally infirm. It reasonably follows that pursuing the Sixth Amendment speedy trial claim would have presented precisely the same risks as pursuing the state speedy trial claim. There is no basis to conclude that the Sixth Amendment speedy trial claim was more "winnable" than the state claim. The record indicates that there was an explicit agreement, for Cox's benefit, to continue his case until after his co-defendant had been tried. Essentially this agreement allowed appellant Cox and his counsel to observe a "dress rehearsal" of the case the state would present against Cox, if it went to trial. Possession of this information, most certainly, would place Cox and his counsel in a better position to evaluate any potential plea agreement offered by the state. Under these facts, it seems plausible to conclude that traditional analysis of any Sixth Amendment speedy trial claim may well charge the reason for the delay in getting to trial against the appellant. All things considered, advising appellant Cox to accept the plea, rather than risk the death penalty or life without parole, ap-

---

6. Neither appellant nor respondent has adequately developed this issue. It may be that it is not in dispute. Our reading of Rule 37, Ark. R.Crim.P. 37, suggests that appellant is probably barred from raising any more claims in the state forum. In any event, a finding with regard to this issue is not determinative of the outcome of the case.

**456**

pears to have been a reasonable strategy amounting to reasonably competent advice.

Under the circumstances, we conclude that appellant has failed to demonstrate that his counsel's performance fell below an objective standard of reasonableness or that there is a reasonable probability that, but for counsel's advice, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. at 58–59, 106 S.Ct. at 370. Accordingly, we AFFIRM the district court's determination that appellant's trial attorney was not ineffective.

CONCLUSION

For the aforementioned reasons, the judgment of the district court is therefore AFFIRMED.