Steve HICKMAN, Petitioner–Appellant,

v.

John NASH, Superintendent, Respondent–Appellee.

Docket No. 00–2525.

United States Court of Appeals, Second Circuit.

April 18, 2001.

Steve Hickman, Ray Brook, NY, pro se.

Elizabeth S. Riker, Assistant United States Attorney for the Northern District of New York, Albany, NY, for appellee.

Present McLAUGHLIN, PARKER, STRAUB, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Petitioner-appellant, Steve Hickman ("Hickman"), appearing pro se, appeals the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2241 brought in the United States District Court for the Northern District of New York (Norman A. Mordue, *Judge*).

The district court denied Hickman's petition after concluding that he was barred from arguing for the first time in a habeas petition that he was not afforded a speedy trial pursuant to 18 U.S.C. § 3161 *et seq.* The district court reached this conclusion because Hickman failed to raise the speedy trial issue on direct appeal and did not demonstrate cause for and actual prejudice from the omission. *See United States v. Canady,* 126 F.3d 352, 359 (2d Cir.1997), *cert. denied,* 522 U.S. 1134, 118 S.Ct. 1092, 140 L.Ed.2d 148 (1998). Alternatively, the district court denied Hickman's petition because the sufficiency of an indictment is not subject to collateral attack after conviction if it is not raised on direct appeal, unless the indictment is so defective as to deprive the court of jurisdiction. *See United States v. LoFranco,* 818 F.2d 276, 277 (2d Cir.1987) (holding that violations of a defendant's right to a speedy trial are non-jurisdictional).

█ We review a district court's denial of a petition for a writ of habeas corpus de novo. *See Lurie v. Wittner,* 228 F.3d 113, 121 (2d Cir.2000); *Maldonado v. Scully,* 86 F.3d 32, 35 (2d Cir.1996).

█ Because Hickman did not raise the speedy trial issue on direct appeal or in a habeas petition pursuant to 28 U.S.C. § 2255, he can only succeed under 28 U.S.C. § 2241 if the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. We have concluded that a court must consider a prisoner's § 2241 petition when "the petitioner cannot, for whatever reason, utilize § 2255, and ... the failure to allow for collateral review would raise serious constitutional questions." *Triestman v. United States,* 124 F.3d 361, 377 (2d Cir.1997). Serious constitutional questions arise if a person who could prove his actual innocence on the existing record and who could not have effectively raised his claim of innocence at an earlier time was denied access to a writ of habeas corpus. *See Id.* at 377–80. Because Hickman does not assert that he is actually innocent and could have raised the speedy trial issue on direct appeal or in a timely § 2255 petition, he has failed to show that his case raises serious constitutional questions.

█ In addition, a federal prisoner who fails to raise an issue on direct appeal is procedurally barred from asserting it for the first time on habeas review unless he can show "cause and actual prejudice." *United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). *See also Canady,* 126 F.3d at 359–60. "Under this standard, to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Frady,* 456 U.S. at 167–68. Because Hickman makes only conclusory allegations that he failed to pursue a direct appeal on the advice of his counsel, he fails to make the necessary showing of "cause and actual prejudice."

For the reasons set forth above, the judgment of the district court is AFFIRMED.