# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 00-2440EA

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | On Appeal from the United |
| | * | States District Court |
| v. | * | for the Eastern District |
| | * | of Arkansas. |
| Ricky Lynn Bloomfield, | * | |
| | * | [Not To Be Published] |
| Appellant. | * | |

———————

Submitted: May 23, 2001
Filed: June 4, 2001

———————

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD and MURPHY, Circuit Judges.

———————

PER CURIAM.

Following remand, Ricky Bloomfield appeals the 15-year (180-month) sentence imposed by the District Court[1] upon his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

————————————

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

Bloomfield argues that the District Court should have allowed him to withdraw his guilty plea. He contends he was unaware when he entered the plea that he would face an enhanced penalty for being an armed career criminal or that he could have succeeded at trial (as his post-plea research led him to believe). We note, however, that under oath at the change-of-plea hearing, Bloomfield acknowledged he faced a penalty of not less than 15 years, and stated he understood he was waiving his right to go to trial. The District Court did not abuse its discretion in denying Bloomfield's motion to withdraw his guilty plea. See Fed. R. Civ. P. 32(e) (court may permit defendant to withdraw plea if defendant shows "any fair and just reason"); United States v. Morales, 120 F.3d 744, 748 (8th Cir. 1997) (defendant's miscalculation as to strength of government's case against him was not fair and just reason for withdrawal of guilty plea); United States v. Ludwig, 972 F.2d 948, 950 (8th Cir. 1992) (standard of review).

We further conclude that, by his guilty plea, Bloomfield waived his claims that the government violated the Speedy Trial Act and Federal Rule of Criminal Procedure 48(a). See Cox v. Lockhart, 970 F.2d 448, 453 (8th Cir. 1992) (defendant waived any right to speedy trial upon entry of guilty plea; guilty plea waives all non-jurisdictional defects, and right to speedy trial is non-jurisdictional in nature); United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998) (defendant waived all arguments of prosecutorial misconduct and associated district court error by pleading guilty).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-