# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1775

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Arturo Ruiz-Ahumada, also known as | * | |
| Arturo Amumada-Ruiz, also known as | * | [UNPUBLISHED] |
| Arturo Robles, also known as Arturo | * | |
| James Ruiz, also known as Jose Arturo | * | |
| Ruiz, | * | |
| | * | |
| Appellant. | | |

_____

Submitted: September 25, 2003
Filed: September 30, 2003

_____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Arturo Ruiz-Ahumada pleaded guilty to illegal reentry following deportation, in violation of 8 U.S.C. § 1326(a) and (b), and the district court[1] sentenced him at the top of the Guidelines range to 87 months imprisonment and 3 years supervised

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

release. On appeal, counsel has moved to withdraw under Anders v. California, 386 U.S. 738 (1967), and has filed a brief in which he argues that the district court abused its discretion in sentencing Ruiz-Ahumada at the top of the Guidelines range. In a pro se supplemental brief, Ruiz-Ahumada raises speedy-trial, due process, and ineffective-assistance issues, all in relation to continuances the district court granted before he entered his guilty plea.

Counsel's argument fails, as this court does not review a sentence merely because it has been imposed at the top of a Guidelines range that the defendant does not challenge. See United States v. Woodrum, 959 F.2d 100, 101 (8th Cir. 1992) (per curiam). Further, Ruiz-Ahumada's guilty plea forecloses the speedy-trial and due process claims he raises in his pro se brief, see United States v. Beck, 250 F.3d 1163, 1166 (8th Cir. 2001) (valid guilty plea waives all nonjurisdictional defects); Cox v. Lockhart, 970 F.2d 448, 453 (8th Cir. 1992) (speedy-trial claim is nonjurisdictional and therefore waived by guilty plea), and his ineffective-assistance claim is not properly before us, see United States v. Martin, 59 F.3d 767, 771 (8th Cir. 1995).

Moreover, following our independent review, see Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm. We also grant counsel's motion to withdraw.

_____