**UNITED STATES of America,**
**Plaintiff,**

v.

**ASTRA MOTOR CARS,**
**et al., Defendants.**

**Sanford Edmonston, Defendant–**
**Movant.**

**No. 04–CR–774(TCP).**

United States District Court,
E.D. New York.

Jan. 14, 2005.

Joel Winograd, Winograd & Winograd, P.C., New York, NY, Eric W. Naiburg, Naiburg, Rosenblum & Weissman, Central Islip, NY, Martin B. Adelman, Mark I. Cohen, Cohen, Frankel & Ruggiero, LLP, Sarita Kedia, New York, NY, Lawrence V. Carra, Mineola, NY, Randi L. Chavis, Federal Defender Division–LAS, Central Islip, NY, John Frederick Carman, Garden City, NY, Jason Leventhal, Jr., Law Offices of Jason Leventhal, Jr., Staten Island, NY, Jan D. Goldman, Goldman & Associates, Esqs., Garden City, NY, Stephen R. Mahler, Mahler, Miller, Harris & Engel, P.C., Jason L. Russo, Kew Gardens, NY, Glenn A. Obedin, Efman & Obedin, Central Islip, NY, for Defendants.

Lara Treinis Gatz, United States Attorney's Office, Central Islip, NY, for Plaintiff.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Defendant Sanford Edmonston ("Defendant") moves this Court to grant a severance under Federal Rule of Criminal Procedure 14(a) and a speedy trial pursuant to 18 U.S.C. § 3161.

### Background

Defendant and his Co–Defendants were first arraigned on this indictment before this Court on September 9, 2004.[1] At that time, all Defendants were advised that this case appeared to be a complex case pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii) on the grounds that the eighty three count indict-

---

1. Defendants were arraigned on the superced-  ing indictment on December 17, 2004.

ment alleged a multi-state motor-vehicle theft ring involving at least 100 motor vehicles and thousands of documents.

Defendant's counsel had an apparent conflict of interest in representing Defendant on the indictment and expressed to this Court that Defendant would defer his consent to designate this case as complex until the conflict was resolved or he retained new counsel. During a status conference held on December 10, 2004, Defendant's new counsel moved to sever his case and requested a speedy trial on the ground that the Defendant is currently in pre-trial confinement.

## Analysis

### I. Complexity

■ A trial court is vested with broad discretion to grant a speedy trial exclusion when in its view the case's complexity makes it necessary to grant counsel additional time to prepare in order to ensure a fair trial. *See United States v. Breen*, 243 F.3d 591 (2d Cir.2001); *United States v. Gambino*, 59 F.3d 353 (2d Cir.1995).

In deciding whether a case is complex within the meaning of 18 U.S.C. § 3161(h)(8)(B)(ii), the Court may consider the volume of documents and physical evidence as well as the number of defendants involved. *See United States v. Beech–Nut Nutrition Corp.*, 871 F.2d 1181 (2d Cir. 1989).

■ As the Defendant correctly points out, the Second Circuit has repeatedly observed, "the length of an exclusion under § 3161(h)(8)(B)(ii) should reasonably be related to the actual needs of the case, and should not be used either as a calendar

control device or as a means of circumventing the requirements of the Speedy Trial Act." *United States v. LoFranco*, 818 F.2d 276 (2d Cir.1987).

The Defendant objects to this case being designated as complex by citing the Government's argument that the case is complex "in light of the number of defendants in this case." (Def.'s Mem. at 4). The reason this case is designated as complex is not grounded solely on the relatively large number of defendants, but also the extraordinary volume of discovery.[2] (Gov't. Mem. at 3). The Government and Co–Defendants have taken into consideration "the actual needs of the case," namely that this case requires a thorough and coordinated review of the reams of files seized from the Astra Motors headquarters.

Under the circumstances, this Court sees no reason why this case should not remain designated as a complex case.

### II. Severance

■ The Government correctly points out that the decision to sever a trial under Federal Rule of Criminal Procedure ("Rule") 14 "is confided to the sound discretion of the trial court." *United States v. Feyrer*, 333 F.3d 110, 114 (2d Cir.2003). Before granting a request for a severance, the party requesting the severance must demonstrate substantial prejudice: "[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial

---

**2.** The Court notes that one of the Co–Defendants, Michael Pescatore, has a pending Motion to Compel the Government to comply with its obligations under Crim. R. 16 by providing *inter alia* an index for computer files so far provided. Annexed to this discovery motion is an affidavit from Defendant

Edmonston stating that "ASTRA dealt in hundreds if not a thousand cars each year and as any business dealing in such volume, created separate folders for each car ...," supporting the fact that this case involves a voluminous amount of documents that needs to be sifted through in order to conduct a fair trial.

right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States,* 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993); *see also United States v. Friedman,* 854 F.2d 535, 563 (2d Cir.1988)("[T]he defendant must show that he or she suffered prejudice so substantial as to amount to a 'miscarriage of justice.' ").

█ Defendant has not demonstrated any reason as to why he is prejudiced by a joint trial, except to remind this Court that he is incarcerated awaiting trial. As incarceration alone is not a factor addressed by either Rule 8 or 14, this argument has no merit. Regardless it has no application here. In its papers the Government has detailed the extensive proof with respect to the joint culpability of the Defendant and the other principal individual in the case, Michael Pescatore, and the lengthy trial involving the same witnesses and other evidence that will necessarily follow in order to try them both. In short, they are the leaders of this alleged multi-state motor vehicle theft ring.

## Conclusion

Defendant's motion to sever is denied at this time because the Defendant has not shown that he has, or will suffer, substantial prejudice in a joint trial. Furthermore, this case should be, as it has been, designated as a complex case. Finally, Defendant should remain incarcerated until trial.

Defendant's motion for a speedy trial and a severance is **DENIED.**

**SO ORDERED.**