# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2509

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Nakia Lashawn Harris, | * | |
| also known as Shawn Harris, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 4, 2009
Filed:  October 5, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Nakia Lashawn Harris appeals the 120-month prison sentence the district court[1] imposed after he pleaded guilty to conspiracy to distribute more than 500 grams of a methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. His counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence was unreasonable.  Harris has filed a pro se supplemental brief challenging the district court's denial of his motion to

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

suppress; he has also filed a motion for permission to file a second brief, and argues in his motion that he was denied his right to a speedy trial.

We reject these challenges. By pleading guilty unconditionally, Harris waived any objection to the denial of his motion to suppress or to any speedy-trial violations. See United States v. Smith, 422 F.3d 715, 724 (8th Cir. 2005); Cox v. Lockhart, 970 F.2d 448, 452-53 (8th Cir. 1992). Moreover, because Harris was sentenced to the statutory minimum (which was 15 months below the applicable Guidelines range), we conclude that his sentence is not unreasonable. See United States v. Wadena, 470 F.3d 735, 737 (8th Cir. 2006) (standard of review); United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003) (only authority for district court to depart from statutory minimum sentence is found in 18 U.S.C. § 3553(e) and (f), which apply only when government makes motion for substantial assistance or defendant qualifies for safety-valve relief).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm, we deny Harris's motion for permission to file a second brief, and we grant counsel's motion to withdraw on the condition that counsel inform Harris about the procedures for filing petitions for rehearing and for certiorari.

_____