22-221-cr
United States v. Lavanture

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand twenty-three.

PRESENT:  REENA RAGGI,
              RAYMOND J. LOHIER, JR.,
              SUSAN L. CARNEY,
              *Circuit Judges.*

---------------------------------------------------------------

UNITED STATES OF AMERICA,

        *Appellee*,

      v.                       No. 22-221-cr

JAMUR PHARMES,

        *Defendant*,

JEAN R. LAVANTURE, AKA RUDY LAVANTURE, AKA J.R.,

*Defendant-Appellant.*[*]

-----------------------------------------------------------------

FOR APPELLANT: *Pro se*

FOR APPELLEE: Michael S. Barnett, Joshua R. Rosenthal, Rajit S. Dosanjh, Assistant United States Attorneys, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED and the matter is REMANDED in part for correction of the caption.

Jean R. Lavanture, proceeding *pro se*, appeals from a January 27, 2022 judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*) sentencing him principally to 60 months' imprisonment for bank fraud and wire fraud conspiracies related to loan applications submitted under the Paycheck Protection Program (PPP), in violation of 18 U.S.C. §§ 1344,

[*] The Clerk of Court is directed to amend the caption as set forth above.

2

1343 and 1349.[1] The District Court also ordered Lavanture to pay restitution in the total amount of $4,870,781. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

## I. Procedural Reasonableness — U.S.S.G. § 2B1.1(b)(17)(A)

Lavanture contends that the District Court committed procedural error at sentencing by applying a two-level enhancement pursuant to United States Sentencing Guidelines (U.S.S.G.) § 2B1.1(b)(17)(A) to the calculation of his Sentencing Guidelines range. Section 2B1.1(b)(17)(A) applies where "the defendant *derived* more than $1,000,000 in gross receipts from one or more financial institutions as a result of the offense." U.S.S.G. § 2B1.1(b)(17)(A) (emphasis added). The District Court applied the enhancement after determining that over a million dollars of Lavanture's gross receipts from his offense derived from Bank of America (BoA), which directly funded his loan and

[1] After filing his notice of appeal, Lavanture filed several motions for compassionate release, which the District Court denied. On appeal, Lavanture now challenges the denial of those motions. Because compassionate release was denied after the notice of appeal was filed and no subsequent notice of appeal was filed, we lack jurisdiction to review those orders of the District Court. *See Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P.*, 756 F.3d 73, 93 (2d Cir. 2014) ("While we construe notices of appeal liberally, taking the parties' intentions into account, we cannot reasonably read [the appellant's] notice of []appeal to contemplate review of an order that did not issue until nearly two months afterward." (quotation marks omitted)).

remained unpaid and continued to sustain a loss on the loan as of Lavanture's sentencing.

"This Court reviews a district court's application of the Guidelines *de novo*, while factual determinations underlying a district court's Guidelines calculation are reviewed for clear error." *United States v. Cramer*, 777 F.3d 597, 601 (2d Cir. 2015). Lavanture invites us to adopt a meaning of the term "derived" under which the fraudulently obtained loan he received from BoA was actually "derived" from the federal government through the Coronavirus Aid, Relief, and Economic Security (CARES) Act, not BoA. Regardless of whether Lavanture waived this argument by stipulating to the application of the enhancement in his plea deal, we are not persuaded.

Although the Guidelines do not define "derived," we have held that "the enhancement's requirement that the gross receipts be '*derived* from' a financial institution 'as a result of the offense'" means "that the financial institution must suffer a loss or liability." *United States v. Huggins*, 844 F.3d 118, 123 (2d Cir. 2016) (cleaned up) (quoting U.S.S.G. § 2B1.1(b)(17)(A)). The enhancement therefore applies if the defendant caused the financial institution to suffer "any meaningful new liability" or "leverag[ed] the financial institution's balance sheet to support

4

criminal activity." *Id.*

In light of *Huggins*, the District Court did not err in applying the enhancement here. Loans under the PPP, a program established in the wake of the COVID pandemic by amendment to § 7(a) of the Small Business Act, "are made through private lenders and participants sign promissory notes, subject to [Small Business Administration (SBA)] guarantees." *Springfield Hosp., Inc. v. Guzman*, 28 F.4th 403, 423 (2d Cir. 2022) (quotation marks omitted). A person seeking a PPP loan applies for funds from a lending institution (*i.e.*, a bank) participating in the program. An approved loan is thus funded by the lender and guaranteed by the SBA. *Id.* at 409–10 & n.3; *see Pharaohs GC, Inc. v. U.S. Small Bus. Admin.*, 990 F.3d 217, 224 (2d Cir. 2021). With this background in mind, we conclude that the District Court did not err in determining that BoA's loans to Lavanture under the PPP program were funded directly by BoA. Moreover, as of the date of the last revised presentence report, those loans remained unpaid and amounted to a loss for BoA of almost $3 million. *See also Springfield Hosp.*, 28 F.4th at 424 ("[F]orgiveness is neither automatic nor guaranteed.").

Accordingly, we reject Lavanture's argument that the District Court procedurally erred by applying the two-level enhancement under

§ 2B1.1(b)(17)(A).

**II.     Substantive Reasonableness**

Lavanture also claims that his 60-month prison sentence is substantively unreasonable.  "Our review of a sentence for substantive reasonableness is particularly deferential, and we will set aside only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice."  *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (quotation marks omitted).

We conclude that the District Court's imposition of a within-Guidelines sentence of 60-months' imprisonment was substantively reasonable.  We have recognized that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances."  *United States v. Friedberg*, 558 F.3d 131, 137 (2d Cir. 2009) (quotation marks omitted).  The District Court also considered the sentencing factors listed in 18 U.S.C. § 3553(a) at Lavanture's sentencing, placing particular emphasis on the nature and circumstances of his offense conduct and prior criminal history.  Lavanture argues that the District Court improperly weighed the § 3553(a) factors, and in particular that the court

6

minimized the seriousness of his health problems. We have held, however, that "the weight given to any single factor" is "a matter firmly committed to the discretion of the sentencing judge and is beyond our review." *United States v. Capanelli*, 479 F.3d 163, 165 (2d Cir. 2007) (quotation marks omitted); *see also United States v. Halvon*, 26 F.4th 566, 570 (2d Cir. 2022) ("A district court is presumed to have considered all relevant § 3553(a) factors and arguments unless the record suggests otherwise." (quotation marks omitted)).

We accordingly reject Lavanture's challenge to the substantive reasonableness of his sentence.

**III.    Restitution**

Lavanture also challenges the amount of restitution that the District Court ordered. The Government argues that Lavanture waived this challenge in his plea agreement, and his attorney did not contest the restitution amount at sentencing. We thus agree with the Government that Lavanture's challenge to restitution is squarely foreclosed by his plea agreement, in which Lavanture knowingly and voluntarily waived his right to appeal or collaterally attack "[a]ny order of . . . restitution imposed by the [District] Court that is consistent with governing law and is not contrary to the terms of this agreement." In

7

particular, Lavanture stipulated in the agreement that he owed "total restitution in the amount of $4,870,781, payable as follows: $2,999,684 payable to Bank of America, N.A.; $1,309,897 payable to Kabbage, Inc.; and $561,200 payable to the U.S. Small Business Administration." The District Court adopted these amounts in its final restitution order. For these reasons, we do not review Lavanture's challenge to the restitution order. *See United States v. Pearson*, 570 F.3d 480, 485 (2d Cir. 2009).

**IV.    Due Process and Speedy Trial Rights**

Finally, Lavanture argues that the District Court violated his speedy trial and due process rights by delaying his case in bad faith. We reject his arguments. "[V]iolations of the defendant's right to a speedy trial are nonjurisdictional and therefore waived by a guilty plea that does not include a court-approved reservation of the issue." *United States v. LoFranco*, 818 F.2d 276, 277 (2d Cir. 1987) (quotation marks omitted). Lavanture thus waived his speedy trial rights by pleading guilty without reserving the speedy trial issue in his plea agreement or during his guilty plea.

In any event, we identify neither a speedy trial nor a due process violation in the record. The period from filing of the criminal complaint to sentencing was

8

less than 17 months. We conclude that the four continuances during that period were justified by, among other things, the volume of discovery and, most prominently, the disruptions occasioned by the COVID-19 pandemic. Moreover, Lavanture does not claim that he was prejudiced by the continuances. *See United States v. Black*, 918 F.3d 243, 254 (2d Cir. 2019).

**V.    The Caption**

The parties and the District Court all agreed to strike the alias "J.R. Rockefeller" from the case caption and the superseding indictment. For reasons that are unclear, the alias was not removed. Thus, although we fully affirm the sentence, we remand pursuant to 28 U.S.C § 2106 for the limited purpose of permitting the District Court to amend the caption to eliminate the alias.

**VI.    Conclusion**

We have considered Lavanture's remaining arguments and conclude that they are without merit.[2] For the foregoing reasons, we **AFFIRM** the judgment of

---

[2] To the extent that Lavanture brings an ineffective assistance of counsel claim, *see* Appellant's Br. 30–31, we decline to consider it on direct appeal. *See United States v. Wellington*, 417 F.3d 284, 288 (2d Cir. 2005); *United States v. Khedr*, 343 F.3d 96, 100 (2d Cir. 2003). Where "the record on appeal does not include the facts necessary to adjudicate a claim of ineffective assistance of counsel, our usual practice is not to consider the claim on the direct appeal, but to leave it to the defendant to raise the claims on a petition for habeas corpus under 28 U.S.C. § 2255." *United States v. Oladimeji*, 463 F.3d 152, 154 (2d Cir. 2006). Should Lavanture choose to further pursue

the District Court and **REMAND** to the District Court pursuant to 28 U.S.C. § 2106 to amend the caption as set forth above.[3]

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court

---

his ineffective assistance claim, habeas proceedings will provide "the forum best suited to developing the facts necessary to determining the adequacy of representation." *See Massaro v. United States*, 538 U.S. 500, 505 (2003).

[3] The Clerk of Court is directed to seal Lavanture's reply brief, which contains confidential information. Lavanture is directed to file a public version of his reply brief with all confidential information redacted within forty-five days of the date of this order.